. THE CITY OF CHEROKEE V. J. F. FOX.

1. HAWKING MERCHANDISE; *Ordinance, Not Void.* An ordinance of a city of the third class requiring a "professional hawker or peddler of any article of merchandise or traffic usually kept for sale by any merchant or manufacturer of the city" to pay a license of $2.50 per day for selling or offering for sale "any such article of merchandise, or traffic at retail," is not void for the reason that it is class legislation, or that it makes unjust discriminations, or is partial and oppressive in its operation, or is inconsistent with public policy.

2. ———— *Title of Ordinance.* Nor is such an ordinance void for the reason that it has no title, when in fact its title corresponds precisely with the requirements of the statute. ( Third-Class City Act, § 17; Comp. Laws of 1879, p. 189.)

3. ———— *Jurat; Initials.* Where a person is prosecuted before the police judge of the city for a violation of such ordinance, the complaint is not void for the reason that the letters "J. P." instead of the letters "P. J." or the words "Police Judge," are attached to the name of the police judge where he signs the jurat attached to the complaint.

4. ———— *Trial; Evidence; Question of Fact.* There was some evidence introduced on the trial tending to prove every material allegation of the complaint; and whether it proved the same or not is a question of fact and not one of law, and the supreme court cannot say that the complaint was not proved.

*Appeal from Crawford District Court.*

AT the April Term, 1884, of the district court, the defendant *Fox* was convicted and sentenced to pay a fine of $5 and the costs of the prosecution, for a violation of a certain ordinance of the city of Cherokee. He appeals. The opinion states the material facts.

*John T. Voss,* for appellant.

*E. A. Perry,* and *B. F. Pursell,* for appellee.

The opinion of the court was delivered by

VALENTINE, J.: The defendant, J. F. Fox, was tried before E. M. Bogle, police judge of the city of Cherokee, on a complaint for violating a certain city ordinance. After conviction, he appealed to the district court, where he was tried

before the court without a jury, and was again convicted, and was sentenced to pay a fine of five dollars and the costs of the prosecution.   He now appeals to this court.

The defendant claims that both the ordinance and the complaint under which he was convicted are void, and that the evidence introduced on the trial does not prove the complaint, nor any violation of any ordinance or law.   He claims that the ordinance is void for the reason that it is class legislation, that it makes unjust discriminations, is partial and oppressive in its operation, is inconsistent with public policy, and has no title.   The ordinance reads as follows:

"*Be it ordained by the Mayor and Councilmen of the city of Cherokee, Kansas:*

"SECTION 1.  That no professional hawker or peddler of any article of merchandise or traffic usually kept for sale by any merchant or manufacturer of this city shall be permitted to sell any such article of merchandise or traffic at retail, or offer the same for sale, within the limits of the city, without first having a license therefor, as hereinafter provided.

"SEC. 2.  That all proprietors or transient auctioneers shall pay into the city treasury a license tax as hereinafter provided.

"SEC. 3.  The license tax under the provisions of this ordinance shall be at the rate of two dollars and fifty cents per day: *Provided,* That no license shall be issued for less than two days.

"SEC. 4.  Any person or persons violating the provisions of this ordinance shall, upon conviction thereof, be fined in a sum not less than five nor more than twenty-five dollars for each and every offense thereof, each day's violation being considered a separate offense."

We do not think that the ordinance is void for any reason. The evidence tended to show that the defendant was a hawker, a peddler, and an auctioneer; but we would think that it was not intended in the complaint filed against him to charge him with being anything more than a hawker, or with offering his goods for sale or selling them in any other character than as a hawker within the meaning of § 1 of the ordinance.   Under that section he was not prohibited from offering his goods for sale, or selling them.   Under that section he could offer his goods for sale

1. Hawking merchandise; ordinance not void.

and sell them as a merchant or manufacturer, without having any license therefor; or, he could procure a license, and then offer his goods for sale and sell them under such license as a hawker or peddler; or, if his goods were not such as are usually kept for sale by any merchant or manufacturer of the city of Cherokee, he could offer them for sale and sell them as a hawker or peddler without having any license therefor. There are some good reasons for all these distinctions and discriminations, and we cannot hold that the ordinance is invalid because thereof. Class legislation is sometimes permissible, and under some circumstances is valid; (*City of Topeka v. Gillett*, 32 Kas. 434, 435, 436;) and this very kind of class legislation has already been held to be valid in Kansas. (*City of Newton v. Atchison*, 31 Kas. 151; *Tulloss v. City of Sedan*, 31 id. 165.)

The next question is with reference to the title to the ordinance. We think the title is sufficient. It seems to correspond precisely with the requirements of the statute. (Third-Class City Act, § 17, Comp. Laws of 1879, p. 189.)

2. Title of ordinance.

The next question is with regard to the complaint. It is claimed by the defendant that the complaint is insufficient, for the reason that it seems to have been sworn to before " E. M. Bogle, J. P." In other words, it is claimed that the complaint is void for the reason that Bogle, in signing his name to the jurat attached to the complaint, attached the letters "J. P." to his name, meaning justice of the peace, instead of the letters "P. J.," meaning police judge. We do not think that this renders the complaint void. The title to the complaint shows that the proceedings were had before E. M. Bogle, police judge of the city of Cherokee; and there is nothing in the case that would tend to show that Bogle was a justice of the peace. But what difference could it make even if the complaint had been sworn to before Bogle as a justice of the peace, when all the other proceedings were had before him as police judge? Besides, if Bogle had been a justice of the peace, and if the proceedings had been insti-

3. Jurat; initials.

tuted before him in that character, and then the whole of the proceedings carried on before him in that character, the defendant would probably not have taken an appeal to the district court, and gone through with all the trouble and expense of a trial in that court; but he would have commenced proceedings to enjoin the judgment of the justice of the peace, for the reason that the justice could not have any jurisdiction in such cases. Besides, as the appeal was taken from Bogle to the district court, the district court could take judicial notice of the official character of Bogle, and of course know from what tribunal the proceedings came. And further, it is indorsed on the copy of the complaint used in the district court, that it was agreed by the parties that it was only a copy of the original, and that the original was duly signed and sworn to by the complaining witness "before E. M. Bogle, police judge," etc.; and no objection was taken in that court to this copy or to the agreement thereon, and no pretense was made that the complaint had not been regularly and properly sworn to before the police judge and filed in his court. This is a weak point, and probably we should not have taken any notice of it.

It is also claimed that the evidence introduced on the trial does not prove the complaint. This is a question of fact, and 4. Trial; evidence; question of fact. not one of law; and as there was some evidence introduced tending to prove every material allegation of the complaint, it would seem as though there was really nothing for us to consider, as we do not retry the case upon the evidence. We might state, however, that the evidence showed, among other things, that on or about March 12, 1884, the defendant, within the corporate limits of the city of Cherokee, erected a platform on a corner lot, near the street, had a stand on the platform, with bottles of medicine on the stand, also a woman on the platform, and an organ, and a violin, and had music and singing, drawing large crowds around him, distributed bills, offered his medicines for sale by loud talk and outcry, and sold some of the medicines. It was also shown that he had previously been in Texas and other states selling

his medicines. If there was any failure in proving the complaint, it was in not proving that the medicines which the defendant offered for sale and sold were medicines usually kept for sale by some one or more of the merchants or manufacturers of the city of Cherokee. One of the medicines which the defendant offered for sale and sold he called a nervine, or "star nervine." He also sold medicines which he recommended for various diseases. It was also shown that nervines were sold in the drug stores of the city of Cherokee, and also that medicines were sold in such drug stores for all the various diseases for which the defendant recommended his medicines; but no witness testified that the defendant's medicines were identical with any of those sold in the drug stores; nor do we think that it was necessary. All that we think was necessary was to show that he sold medicines which were substantially the same as those sold in the drug stores. For instance, if the principal ingredient of the medicine which he sold as a nervine, and the ingredient which made it a nervine, was the same as the nervines sold in the drug stores, that was sufficient, although his medicine which he called a nervine may have contained other ingredients besides a nervine in fact; but, as before stated, the question whether the complaint was proved or not is one of fact, and it was submitted to the court below upon the evidence, and the court below found against the defendant, and we think the finding must now stand, although the evidence against the defendant may not be very convincing or satisfactory.

The judgment of the court below will be affirmed.

All the Justices concurring.