The City of Lyons *et al.* v. C. A. Cooper *et al.*

1. DRUGGISTS; *License Tax—Void Ordinance—Injunction, When.*  Where
a city of the third class has authority conferred upon it by the legis-
lature to levy and collect a license tax upon druggists, grocers,
butchers, etc., with the restriction that the taxes are to be "just
and reasonable," an ordinance of such a city, purporting upon its
face to be enacted for the levying and collecting of a license tax, but
which is a clear and palpable attempt to destroy and forbid a legit-
imate, necessary and commendable business, is void, and cannot be

enforced.  Before, however, the courts will interfere and declare a
license tax to be unjust or unreasonable, a flagrant case of excessive
and oppressive abuse of power by the city authorities in the levying
of the license tax must be established.  .

2. INTOXICATING LIQUORS — *License Tax, Not for Revenue, but for De-
struction.*  An ordinance levying a license tax of five hundred dollars
per year upon each druggist having a permit from the probate judge
to sell intoxicating liquors in a city of the third class, containing
only sixteen hundred people, and where the gross receipts of such a
druggist are about a thousand dollars a year, is so unjust and un-
reasonable as to be an abuse of power, and therefore void.  Such a
license tax is not for revenue, but for destruction.

### *Error from Rice District Court.*

ON September 8, 1885, the mayor and council of Lyons, in
Rice county — a city of the third class — enacted an ordinance
requiring all druggists within the city of Lyons selling in-
toxicating liquors to pay a yearly license of $500.   This
action was commenced by C. A. Cooper and B. C. Ogden,
(partners doing business under the firm-name of *Cooper & Og-
den,*) and *J. S. Chase,* and *H. L. McJunkin,* against C. M. Raw-
lins, the mayor of Lyons, and also the councilmen of the city,
to restrain the city of Lyons and the mayor and councilmen
from the collection of the license tax imposed upon them as
druggists.   A temporary restraining order was granted at the
issuance of the summons, but this injunction was afterward
dissolved upon motion.   Upon the trial, the ordinance impos-
ing the license was adjudged to be null and void, and the in-
junction made perpetual.

The findings of the trial court were to the effect that at the
date of the passage of the ordinance there were six drug stores
in the city of Lyons; that four of these lawfully sold intox-
icating liquors, having permits therefor; that the ordinance
affected no person excepting the plaintiffs in this action; that
before the enactment of the ordinance no person in Lyons was
required to pay any license tax, excepting auctioneers and dray-
men; that the city of Lyons had about sixteen hundred in-
habitants; that the license of $500 was a greater amount than
any druggist selling intoxicating liquors in that city could

afford to pay; that the tax was excessive, and also unnecessary in amount for the use of the city; that it threw too great a burden upon a few persons; and that it was unjust and unreasonable. The mayor and city council excepted to the rulings of the court below, and bring the case here.

*J. W. Brinckerhoff*, city attorney, for plaintiffs in error.

*White & Brinckerhoff*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The evidence in this case shows that the city of Lyons has about sixteen hundred inhabitants; that there are four drug stores in that city, having permits to sell intoxicating liquors for medical, scientific and mechanical purposes; that the gross profits of one of the principal druggists are about a thousand dollars a year; that his expenses for carrying on the business, not counting the cost of drugs or other articles sold, are over half of that amount; and that consequently the net profits are meager. It seems to be admitted that the license tax was not levied for revenue purposes alone. According to the evidence and findings of the court, it was not necessary for that purpose. The evidence further shows that the primary purpose of the license fee was for regulation, but the levying of such an excessive license makes the drug business in Lyons unprofitable, and therefore absolute prohibition is the result of the burden. The license is so excessive that it destroys the drug business, if carried on in connection with the sale of intoxicating liquors for the excepted purposes. If intoxicating liquor was permitted to be sold in this state as a beverage, we could not dispute the necessity of the regulation of the business: indeed, the mayor and city council would then be empowered to wholly suppress the sale of intoxicating liquors by imposing upon the persons engaged in the sale thereof burdens in the way of license taxes difficult or impossible to be borne. Under the constitution and the statute of this state, however, intoxicating liquors cannot be sold as a beverage. Druggists are permitted to sell

such liquors for medical, scientific and mechanical purposes only; and therefore the sale of intoxicating liquors for these purposes is not only legitimate, but necessary. Perhaps a druggist in Lyons could afford to pay a higher license than a baker, a butcher or a grocer doing the same amount of business, because usually the profits of a druggist are larger upon the sale of his drugs and articles than those of the others; but the license fee required of a druggist should be somewhat in proportion to that required of a baker, a butcher, or a grocer. The grant of authority to a mayor and city council to impose license fees for the purposes of revenue would not warrant them to be so heavy as to be prohibitory, thereby defeating the purposes. Where the grant is not made for revenue alone, but for regulation also, and the business is one that does not injuriously affect the public interests, or lead to disorder or to increased necessity for police supervision, like the sale of intoxicating drinks as a beverage, the license fee, while somewhat within the discretion of the mayor and council, ought not and cannot be so excessive as to prohibit or destroy a business carried on for necessary purposes.

Section 51, chapter 19a, Comp. Laws of 1885, reads:

"All license taxes shall be regulated by ordinance; and except for shows, theaters, and other exhibitions, shall expire on the first day of May next after the same are issued, and shall be at such rates per year as shall be just and reasonable. No license shall be issued until the amount prescribed therefor shall be paid to the city treasurer. Licenses shall be signed by the mayor and clerk, and countersigned by the treasurer; and the clerk shall affix the corporate seal of the city thereto."

The legislature, therefore, has complied with the provisions of § 5, art. 12 of the constitution, restricting the power of the taxation of cities so as to prevent abuse. Section 51, *supra,* expressly provides that license taxes shall be at such rates per year "*as shall be just and reasonable.*" It is clearly found by the trial court, that the license tax in this case is neither just nor reasonable. It is destruction. As the charter or statute contains a restriction with respect to license taxes, the

restriction must be enforced.   Therefore, as the taxes levied and attempted to be collected were in violation of the restriction of the charter or statute, the trial court very properly held the same void.   This decision is not in conflict with *Hines v. City of Leavenworth*, 3 Kas. 203, because that case simply decides that full discretion as to what restrictions should be imposed is left to the legislature.   In this case, the trial court enforced the restrictions which were imposed by the legislature.   Nor is this decision in conflict with *Fretwell v. City of Troy*, 18 Kas. 271.   In that case it was not shown that the necessities of the city did not require the revenue attempted to be collected by the license tax.   Mr. Justice BREWER, speaking for the court in that case, said:

*1. Druggists— license tax— void ordinance.*

"For while it may not be true that a city having authority to collect revenue by license, may impose any sum however large, as license, and thus in effect destroy certain kinds of business, yet before in such a case an ordinance imposing a license is declared void on account of the amount thereof, it should appear that the necessities of the city do not require so large a revenue, or that there has been an unjustifiable attempt to discriminate against certain kinds of business by casting the whole burden of taxation upon them."

In *City of Newton v. Atchison*, 31 Kas. 151, the charter or statute gave express authority to levy and collect license taxes, but there was not the restriction that they were to be just and reasonable.   The restrictions were indirect only.   It was held in that case that the courts could not interfere, but the facts disclosed that the license tax was not excessive or oppressive. There was no abuse by the mayor and councilmen of the power conferred by the legislature.   The legislature evidently intended that the city council of a city of the third class should determine the proper sum to be levied and collected as a license tax on druggists, limited, however, so as to be just and reasonable.   It must be a flagrant case of excessive and oppressive levy of a license tax before a court will interfere; but "the courts are not bound by mere forms, nor are they to be misled by mere pretenses.

*1. Excessive license tax; when a court will interfere.*

K. C. Ft. S. & G. Rld. Co. v. Foster.

They are at liberty — indeed are under a solemn duty — to look at the substance of things whenever they enter upon the inquiry whether the [legislature or a city council] has transcended the limits of its authority." (*Mugler v. The State*, 8 Reporter, 273.)

If, therefore, an ordinance purporting to have been enacted for the levying and collection of a license tax has no real or substantial relation to the object, but is a clear and palpable attempt to destroy and forbid a legitimate, necessary and commendable business, it is the duty of a court to adjudge such an ordinance void, when the authority conferring the power to levy a license tax contains the restriction that it is to be "just and reasonable."

2. License tax— attempt to destroy a legitimate business.

We have thought it unnecessary to comment upon the question of parties to the action, because the city of Lyons and the mayor of the city were defendants in the court below, and it is immaterial, so far as the merits of this case are concerned, whether the councilmen were properly joined as parties. There is no contention over the joinder of several druggists as plaintiffs, and that question is not raised or presented.

The judgment of the district court will be affirmed.

All the Justices concurring.