## The City of Pittsburg v. A. E. Reynolds.

City Ordinances—*Publication.* Chapter 156 of the Laws of 1891, relating to the printing of legal notices and advertisements in newspapers of the county, has no application to the publication of city ordinances.

*Appeal from Crawford District Court.*

The facts sufficiently appear in the opinion.

*Van Gundy & Cliggitt,* for appellant.

*T. W. Cogswell,* for appellee.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of a criminal prosecution, wherein the city of Pittsburg, a city of the second class, was the plaintiff, and Mrs. A. E. Reynolds was the defendant, and in which the defendant was charged with violating a city ordinance prohibiting the keeping or maintenance of places where intoxicating liquors were sold or kept for sale. The action was commenced before the police judge of the city, but after trial and judgment the case was appealed by the defendant to the district court, in which court

the defendant filed a plea in bar of the action, setting forth substantially that the ordinance was never published as required. by law, and was therefore void. The city of Pittsburg demurred to this plea, upon the ground that it did not state any defense to its prosecution, which demurrer the court overruled, and the city standing upon the demurrer, the court dismissed the action, rendered judgment in favor of the defendant, and against the plaintiff for costs, and discharged the defendant; and the city now appeals to this court.

It seems to be admitted that before a city ordinance can have any force or effect it must be published as prescribed by law. (Second-class-city act, § 8.) And it seems also to be admitted that the present ordinance was published in accordance with the provisions of the aforesaid § 8 of the second-class-city act, and therefore it is claimed by the city that the ordinance was and is valid. The defendant, however, claims that since March 4, 1891, when chapter 156 of the Laws of 1891 took effect, in order to render a city ordinance valid when passed, it must be published in accordance with the provisions of said chapter 156; and it is admitted that the ordinance in the present case was not published in accordance with said chapter 156. The defendant's plea sets forth that the ordinance was passed and approved on August 19, 1891, and was first published on August 22, 1891, in a newspaper then printed and published in the city of Pittsburg, and known as the Pittsburg *Daily Times;* that the said newspaper had not been published for 52 weeks prior to such publication, nor since January 1, 1891, and that there were other newspapers which had been published in the city of Pittsburg for the required length of time. It seems to be admitted by counsel that the only question presented to this court is, whether the ordinance, in order to be valid, must necessarily be published in accordance with the provisions of chapter 156 of the Laws of 1891; or whether the publication of the ordinance in accordance with the provisions of § 8 of the second-class-city act only would be sufficient? It is claimed by counsel for the city: First, that said chapter

156 has no application to the publication of city ordinances; and, second, that if it has, then to that extent it is unconstitutional and void, being in contravention of § 16, article 2, of the constitution, which provides that "no bill shall contain more than one subject, which shall be clearly expressed in its title." The title of said chapter 156 reads as follows: "An act to regulate the printing of legal notices and advertisements;" and the body of the act provides, among other things, as follows:

"SECTION 1. No legal notice, advertisement or publication of any kind required or provided by any of the laws of the state of Kansas to be published in a newspaper, shall have any force or effect as such unless the same be published in a newspaper of the county having general circulation therein, and which said newspaper has been continuously and uninterruptedly published in said county during the period of 52 consecutive weeks prior to the first publication of the notice or advertisement: *Provided*, That nothing in this act shall invalidate the publication in a newspaper which has simply changed its name or moved its place of publication from one part of the county to another part without breaking the continuity of its regular issues for the requisite length of time: *And provided further*, That nothing in this act shall apply to counties wherein no newspaper has been published the requisite length of time: *Provided also*, That nothing in this act shall affect newspapers that have been continuously and uninterruptedly published since January 1, 1891."

Has the foregoing statute any application to this case?

I. No attempt is made by the passage of such statute to repeal or modify § 8 of the second-class-city act, nor indeed to repeal or modify any other statute unless by implication, and repeals by implication are never favored.

II. The title to the foregoing act relates only to "notices and advertisements." Now, is it possible to suppose that the legislature intended to include city ordinances within the words "notices and advertisements"? The body of the act, however, uses the words "publication of any kind," as well as the words "notices and advertisements;" but can the body of the act, in violation of § 16, article 2, of the constitution, so en-

large the title or the subject contained in the title as to make either contain what the title does not already contain? In the case of *The State v. Barrett*, 27 Kas. 214, 218, subdivision 9 of the syllabus and of the opinion, it is said that such a thing cannot be done; and many other cases might be cited to the same effect.

III. But chapter 156 requires merely that the matter to be published shall be published in a newspaper which "has been continuously and uninterruptedly published in said county during the period of 52 consecutive weeks prior to the first publication of the "*notice or advertisement.*" But suppose that the matter to be published is not a *notice* or *advertisement*, but is the "publication of any kind," elsewhere mentioned in the body of the act: then is such "publication of any kind" to be published in such 52-weeks newspaper, or may it be published in any kind of a newspaper published in the county? It would seem that only *notices* and *advertisements* are required to be published in a 52-weeks newspaper.

IV. Besides, these "notices and advertisements" are to "be published in a newspaper of the *county*," and not necessarily in a newspaper of the *city*. Hence, if this chapter applies to city ordinances, a city ordinance for the city of Pittsburg might be published in a newspaper published in the city of Girard, a city of the same county, or, indeed, in any other newspaper published in the county, and in violation of that portion of § 8 of the second-class-city act which provides that "all ordinances shall, as soon as practicable after they are passed, be published in some newspaper *printed within the city*," provided, of course, that there is some newspaper printed in the city. Is this provision of § 8, requiring ordinances to be published "*within the city*," repealed by implication?

V. And further, it will be noticed that chapter 156 mentions *county* in every instance where locality is mentioned, and *never mentions city* in any case; and therefore, can it be supposed that an act relating *generally* to *counties* could repeal by implication *special provisions* of other acts relating *only to*

*cities,* when cities are not even mentioned in the act? And can it be supposed that such act could also require that ordinances which pertain only to cities should be published in accordance with the provisions of the general statutes for counties, when city ordinances are not even mentioned in such act?

We think that chapter 156 of the Laws of 1891 has no application to the publication of city ordinances, and therefore the judgment of the court below will be reversed.

All the Justices concurring.