*In re* Chipchase, *Petitioner.*

*In the matter of the Application of* H. G. CHIPCHASE *for a Writ of Habeas Corpus.*

No. 10419.

1. HABEAS CORPUS—*Sufficiency of Return.* It is not necessary that the return to the writ of *habeas corpus* shall contain a denial of the averments of the application for the writ, nor anything more than is prescribed by section 668 of the civil code; and where a return is made in compliance with the code, and the petitioner desires to controvert the return or allege any new matter showing the restraint to be illegal, he may do so by an appropriate pleading, and thereby an issue as to the facts may be raised.

2. TELEPHONE COMPANY—*City License Tax.* Without proof of the privileges enjoyed and the burdens borne by a telephone company in a city of the first class, or of the expenditures, indebtedness and necessities of the city, it cannot be said, as a matter of law, that a license tax against a company of $12 per annum for each business 'phone, and of $10 per annum for each residence 'phone used by the company within the city, is excessive, prohibitive, or oppressive.

*Original Proceeding in Habeas Corpus.*

THE opinion herein, filed January 11, 1896, contains a sufficient statement of the case.

| 56 | 357 |
| 62 | 640 |
| 56 | 357 |
| d64 | 854 |
| 56 | 357 |
| 68 | 564 |
| 56 | 357 |
| 75 | 432 |
| 56 | 357 |
| f76 | 183 |

*Bentley & Ferguson,* and *Gleed, Ware & Gleed,* for petitioner.

*Geo. W. Adams,* city attorney, and *John W. Adams,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J. : On September 13, 1895, H. G. Chipchase, the manager of the Missouri and Kansas Telephone Company at Wichita, was arrested for the violation of an ordinance of the city of Wichita imposing a license tax on telephones, and prescribing penalties for using them without complying with its requirements. The first section of the ordinance provides that any company, corporation or person engaged in the telephone business in the city of Wichita shall pay a license tax of $12 per annum upon each business 'phone, and a tax of $10 per annum for each residence 'phone, used in carrying on such business, and making it unlawful to carry on the business without having obtained from the city clerk a license therefor. The second section provides that if any company, corporation or person carries on the business without procuring a license they will forfeit the sum of $25 for each day that each 'phone is used or operated. The third section makes it an offense to carry on the business without paying the tax and procuring a license, and provides that any manager, agent, servant or employee of a company, corporation or person who shall violate the ordinance shall upon conviction be fined in any sum not exceeding $100. The telephone company of which Chipchase was the manager was engaged in the telephone business in Wichita, and it is alleged that the company had about 290 telephones in use within the corporate limits of

the city. The company refused to pay the license tax or otherwise comply with the provisions of the ordinance, and, upon a complaint made, Chipchase was arrested under a warrant issued by the police judge of the city of Wichita. Upon the application of Chipchase the writ of *habeas corpus* was issued. In the return of the city marshal he sets forth the fact that Chipchase is in his custody by virtue of a warrant duly issued as aforesaid, and also setting out a copy of the city ordinance under which the petitioner was prosecuted. Chipchase excepts to the sufficiency of the return and asks to be discharged from custody. It is insisted by the petitioner that the ordinance is void, first, because the license tax is unreasonable and excessive ; second, because it obstructs and places a burden upon interstate commerce ; third, because the instruments upon which the license taxes are assessed are covered by letters patent.

In the application for the writ are found allegations to the effect that the license tax imposed is grossly excessive, and that, as the business of the company extends beyond the limits of the state, the license tax amounts to a tax on interstate commerce. These and other averments of the application, however, are not admitted in the return to the writ, and they were denied by counsel for respondent at the hearing. The questions so well argued by counsel are therefore not ripe for decision, nor do any of the objections made afford grounds for the discharge of the petitioner. No issue was joined nor proof offered in the case. The averments of the application are not to be taken as true because they are not denied in the return. The return is not treated as an answer to the application, but rather as a response to the writ. The averments in the application are made for the purpose of

obtaining the allowance of the writ, and it is not necessary that they should be answered or denied by the officer in his return to the writ. The statute prescribes what the return shall state, and in this instance it sets forth the cause of restraint, together with a written copy of the authority under which the petitioner is held, and appears to comply with the statutory requirement. (Civil Code, § 668.) If the petitioner desires to controvert the return or any part thereof, or allege any new matter showing the restraint to be illegal, he may do so after the return is made. (Civil Code, § 669.) In this way an issue may be formed, and upon a hearing the disputed questions of fact may be settled. As the ordinance is included in the return, we may inquire and determine whether upon its face it is valid. Express authority has been given by the legislature to levy and collect license taxes upon all callings, trades, professions, and occupations, including telephone companies, within the limits of cities of the first class. (Gen. Stat. 1889, ¶ ¶ 555, 804.) In such cases it has been held that the municipality is not limited to the mere expense of regulation, but that they may be imposed for the purpose of obtaining revenue to meet the general expenses of the city. (*Fretwell v. City of Troy*, 18 Kan. 271; *City of Newton v. Atchison*, 31 id. 151; *Tulloss v. City of Sedan*, 31 id. 165; *City of Cherokee v. Fox*, 34 id. 16; *City of Wyandotte v. Corrigan*, 35 id. 21; *City of Girard v. Bissell*, 45 id. 66.) While the tax levied appears to be very large, we cannot say as a matter of law that it is excessive, nor can we without proof hold that it is oppressive or prohibitive. In *Fretwell v. City of Troy*, supra, it was said that "The mere amount of the tax does not prove its invalidity." The city cannot impose a license tax beyond the necessities of the city,

nor can it impose one so excessive as to prohibit or destroy the occupation or business. (*City of Lyons v. Cooper*, 39 Kan. 324.)   Many things, however, enter into the determination of what constitutes a just and reasonable license tax, but as to the conditions existing in Wichita we are not advised.   There is the nature of the franchise or privileges enjoyed by the company within the city, the prices which it charges for the service given by it to its patrons, the amount of property tax, if any, paid by the company, the current expenses of the municipality, and the amount of its indebtedness.   Without information upon these questions, the court cannot determine that a license tax of $12 per annum upon a business 'phone and $10 upon a residence 'phone is prohibitive, excessive, or oppressive.   *Habeas corpus* may not be the most appropriate proceeding in which to determine the questions presented and discussed by counsel, but before we can decide them in this proceeding an issue must be joined, and the facts must either be established by proof or agreed upon by the parties.

The petitioner will be remanded.

All the Justices concurring.