## *In re* KELLY J. MARTIN.

### No. 11,977. (64 Pac. 43.)

1. LICENSE-TAX—*Legislative Discretion.* License-taxes, whether for the purpose of regulation or revenue, or both, may be legally imposed, and the amount, as well as the method of imposing such taxes, is left to legislative discretion and judgment.

2. ——— *Discretion of Municipal Authorities.* A large discretion must be accorded to the municipal authorities, who know the needs of the municipality, the extent of the protection afforded to persons carrying on business within its limits, and the expense of providing such protection; and courts should not interfere except in cases of a gross abuse of such discretion.

*In re* Martin.

3. ———— *Graduated According to Stock.* License-taxes on merchants may be graduated according to the assessed valuation of the stock or capital employed by each of them, but as it is not always practicable or just that an absolutely level rate should be laid on each $100 of valuation, a departure therefrom will not necessarily defeat the tax.

4. ———— *Ordinance Held Valid.* An ordinance providing that merchants whose average value of stock or capital does not exceed $200 should pay a license-tax of $5, which was graduated so that the tax was increased according to the increase of the average value up to $2000, and which provided that all who had over $2000 of average value should pay a tax of $30, is held not to manifest an abuse of legislative discretion nor an invalidity of method.

Original proceeding in *habeas corpus.* Opinion filed March 9, 1901. *In banc.* Petitioner remanded.

*N. T. Allison,* for petitioner.

*E. B. Morgan,* and *Burton & Clark,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J. : This case involves the validity of a license-tax sought to be enforced in the city of Oswego. An ordinance authorized the levy of a license tax upon merchants, manufacturers, banks and bankers, according to the average value of stock or capital in use by them. Where the average value of stock or capital did not exceed $200 the license tax was $5; where the average value was from $200 to $500 the tax was $10; where the value was from $500 to $1000 the tax was $15; from $1000 to $1500 the tax was $20; from $1500 to $2000 the tax was $25; and on all who had over $2000 of average value the tax was $30. The average value of stock or capital of each dealer was to be determined by the assessed value of such stock or capital as shown by the last assessment-roll. In case the stock or capital of a dealer

did not appear upon the last assessment-roll, the average value was to be determined upon the basis of valuation adopted by the assessors in assessing property for taxation. The petitioner in the present case was a grocery merchant whose average value of stock, according to the last assessment-roll, was $100, on which he was required to pay a license-tax of $5. In the return it appears that another merchant engaged in the same business had a stock of the average value of $2700, the license tax on which was $30.

The petitioner argues that the tax is discriminating and unjust because he is charged a rate of $5 on a stock valuation of $100, while the other merchant is required to pay only $1.15 on each $100 of stock valuation; and for this reason he insists that the ordinance is invalid. There is unquestioned power in the legislature to impose a license-tax on occupations, whether it be laid for regulation or purposes of revenue. This power may be delegated to municipal corporations, and the fact that it may be based on valuation does not make it a property tax nor invalidate the ordinance imposing it. Being a license-tax, the express constitutional restrictions as to equality and uniformity of rate do not apply, and the amount of the tax, as well as the method of imposing it, is left to legislative judgment and discretion. (*City of Leavenworth v. Booth*, 15 Kan. 634; *Fretwell v. City of Troy*, 18 id. 271; *McGrath v. City of Newton*, 29 id. 364; *City of Newton v. Atchison*, 31 id. 151, 1 Pac. 288; *Tulloss v. City of Sedan*, 31 id. 165, 1 Pac. 285; *City of Cherokee v. Fox*, 34 id. 16, 7 Pac. 625; *City of Girard v. Bissell*, 45 id. 66, 25 Pac. 232; *In re Chipchase, Petitioner*, 56 id. 357, 43 Pac. 264.)

We do not say that such discretion is absolutely unlimited. If the license-tax imposed were flagrantly

unreasonable, unjust, and oppressive, courts might properly interfere; but we have no such case before us. The fact that the license-taxes are graduated by valuation, and that a dead-level rate is not imposed on each $100 of valuation, does not manifest an abuse of legislative discretion or an invalidity of method. (*City of Newton v. Atchison*, supra.)   While it is true that the larger the business the greater the protection afforded, other considerations enter into the determination, and necessarily there must be some elasticity in fixing and applying any standard of taxation.   No standard can be employed which will in all cases secure exact equality and justice, and justice and equality would not be secured in all cases if license-taxes were laid under a hard-and-fast rule of uniform rate upon valuation of the stock used in the business taxed. The protection afforded and the cost of furnishing it cannot be accurately measured by such a standard. The plaintiff has a business stand which needs and receives protection the same as a merchant with a larger stock, and it is easy to see that the cost to the city affording such protection is not proportioned exactly to the stock of merchandise which each man may have in his business house.   Indeed, the usual plan adopted in imposing license-taxes is to place all persons engaged in a particular occupation or pursuing a particular business in a single class, and to require the payment of a level rate on such occupation or business, without regard to the amount invested in the occupation or business or the resulting profits. (*City of Cherokee v. Fox*, 34 Kan. 16, 7 Pac. 625; *Campbell v. City of Anthony*, 40 id. 652, 20 Pac. 492; *City of Girard v. Bissell*, 45 id. 66, 25 Pac. 232.) Such standards, although they may work a hardship in some cases, are not for that reason condemned,

*In re* Martin.

and certainly the standard used in this case, which graduates the tax to a certain extent upon the stock or capital used in the business, cannot be held to be so unjust and oppressive as to invalidate the tax. A large discretion must be accorded the municipal authorities, who know the needs of the municipality, the extent of the protection afforded to persons carrying on business within its limits, and the cost of providing such protection, and courts should not interfere with that discretion except in cases of gross abuse.

The petitioner attacks a provision of the ordinance fixing a tax on gift enterprises, or the distribution of merchandise or articles in any other way than the regular or ordinary manner of buying and selling the same. The provision is contained in another section of the ordinance, and is a matter with which he has no concern. Even if it should be interpreted as a license of an illegal business, and was therefore invalid, it would not necessarily defeat the provision of the ordinance imposing a tax upon the petitioner and others engaged in a legitimate business.

We discover no invalidity in the tax imposed upon the petitioner, and therefore he will be remanded.