### G. A. R. STEINER v. GEORGE S. LIGGETT.
#### No. 13,115.  (72 Pac. 577.)

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed May 9, 1903. Affirmed.

*S. J. Mattox,* for plaintiff in error.
*Burton & Clark,* for defendant in error.

*Per Curiam:* This action was brought by Steiner against Liggett, as mayor of the city of Oswego, to recover damages for malicious prosecution. A demurrer to the

amended petition was sustained.   Plaintiff electing to stand thereon, judgment for costs was entered against him.

An examination of the petition to which the demurrer was sustained shows that plaintiff was engaged in a business or profession called "magnetic, psychic and natural healing" in said city.   There was enacted an ordinance of the city providing for the payment of a license-tax by all those engaged in certain lines of business, occupations and professions therein enumerated, and a punishment prescribed for violation.   Among other things, the ordinance provides as follows:

"A license-tax is hereby levied upon all persons, firms or corporations engaged in, or carrying on, in the city of Oswego, any of the following callings, trades, professions, occupations or businesses, to wit: Itinerant physician, surgeon, or oculist, or magnetic, psychic or other healer, five dollars per day."

Plaintiff was arrested for failure to pay the amount and procure the required license upon complaint made by defendant, as mayor of the city.   The prosecution, however, was not pressed against plaintiff, but was dismissed without trial.   Thereupon this action was brought.   The validity of the ordinance involved is no longer an open question. It was expressly upheld by this court in *In re Martin*, 62 Kan. 638, 64 Pac. 43.   It was there said:

"License-taxes, whether for the purpose of regulation or revenue, or both, may be legally imposed, and the amount, as well as the method of imposing such taxes, is left to legislative discretion and judgment.

"A large discretion must be accorded to the municipal authorities, who know the needs of the municipality, the extent of the protection afforded to persons carrying on business within its limits, and the expense of providing such protection, and courts should not interfere except in cases of a gross abuse of such discretion."

We think there was statutory authority conferred upon the city to require a license-tax from any one engaged in the calling or profession followed by plaintiff.   Conceding the validity of the ordinance involved, we are convinced, from a reading of the petition in this case held demurrable, that it alleges such a state of facts as shows there was probable cause for the arrest of plaintiff, and the demurrer thereto was properly sustained.

The judgment is affirmed.