THE CITY OF KANSAS CITY v. GEORGE OVERTON.
No. 13,690.   (75 Pac. 549.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS— *Subject of Ordinance.* A city ordinance imposing a license-tax cannot be regarded as embracing two subjects because it operates to regulate a business as well as to provide public revenue.

2. ———— *Publication of Ordinances.* Section 855, General Statutes of 1901, which provides that ordinances shall be published in a newspaper within the city, is the controlling statute as to the publication of ordinances in cities of the first class, and section 3893, General Statutes of 1901, regulating the printing of legal notices, does not apply.

3. ———— *Newspaper Defined.* A weekly publication, printed and circulated in a city, containing the current news and matters of general interest, as well as the local happenings, is a newspaper, within the meaning of the statute requiring the publication of city ordinances, although its circulation may be very limited.

4. LICENSE— *Tax on Hucksters and Hawkers Valid.* An ordinance requiring hucksters or hawkers to pay a license of thirty-five dollars for each six months, and requiring a helper or assistant of such huckster or hawker to pay a license of fifteen dollars for the same time, is not so unjust or unreasonable in its operation as to be invalid.

5. ———— *Amount of License-tax a Question for the City.* The expense of inspection and regulation, the amount of the city indebtedness and the necessary cost of carrying on the municipal government enter into the question as to whether a license-tax is reasonable and just, and these are considerations for the municipal authorities rather than for the courts.

6. ———— *Ordinance not Invalid Because of Exemption.* A city ordinance imposing a license-tax on hucksters or hawkers is not invalid because it exempts from its operation those who are personally selling the products of their own or leased lands.

Appeal from Wyandotte district court; E. L. FISCHER, judge.   Opinion filed February 6, 1904.   Affirmed.

*M. J. Reitz, J. W. Dana,* and *T. A. Pollock,* for appellee.

*J. A. Smith,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: George Overton was convicted of carrying on the business of a huckster without a license, in violation of a city ordinance of Kansas City. It ordained that the license of a huckster or hawker for each six months should be thirty-five dollars, and that each person engaged in helping or assisting a huckster or hawker in the sale of his wares should pay a license of fifteen dollars for each six months. It also contained a clause providing that nothing in the ordinance should apply to a person who is personally selling the product of his own or leased land.

In his appeal he attacks the validity of the ordinance upon a number of grounds. The first objection is made under the provision that no ordinance shall contain more than one subject, which shall be clearly expressed in its title. The ordinance treats of a single subject, namely, the imposition of a license-tax on hucksters and hawkers, and the title explicitly points out the subject of the enactment. The fact that the enforcement of the ordinance may operate to regulate as well as provide revenue does not indicate two subjects nor make it obnoxious to the fundamental rule.

The next objection, that the legislation granting to cities power to levy a license-tax is invalid because it does not contain restrictions to prevent the abuse of the power, is not tenable. There are restrictions imposed, and the objection made is fully answered in

*City of Newton v. Atchison,* 31 Kan. 151, 1 Pac. 288, 47 Am. Rep. 486.

It is next contended that the ordinance is ineffectual for lack of publication. It provided that it should be in force from and after its publication in the Kansas City, Kan., *News.* While that publication appears to be a general newspaper which had been issued for over two years, its circulation was quite limited. There were issued about 500 papers of the weekly edition, and only 102 of the daily edition, in which the ordinance in question was published. Because of the limited circulation it is contended that the publication was insufficient and that the ordinance was therefore inoperative.

The claim of the appellant is that the sufficiency of the publication is to be measured by section 1, chapter 239, Laws of 1901, a general provision regulating the printing of legal notices in a newspaper of the county having a general circulation therein, while the city contends that the governing statute is section 855, General Statutes of 1901, which specifically provides that the ordinances of a city of the first class shall be published in a newspaper printed within the city. The former provision requires publication in a newspaper of general circulation in a county, and one which has been published for at least a year, while the latter only requires publication in a newspaper, without prescribing the extent of the circulation or the length of time the newspaper shall have been published. The former makes a publication in any newspaper published in the county sufficient, while the latter requires publication to be in a newspaper printed within the city which enacts the ordinance. The former is general, applying to what are designated as legal notices and advertisements, while the latter

is specific, applying only and particularly to city ordinances.

The act of 1901, which is an amendment of chapter 156 of the Laws of 1891, is a later enactment than the one providing for the publication of city ordinances, and it is contended that it operates to abrogate or repeal the earlier provision. Ordinarily, an act treating a matter solely and specially is not affected by a later act covering a wider field in general terms and only touching the matter in the special act in a general and incidental way. It will not do so unless the provisions of the general act clearly indicate that it is a substitute for the special and particular legislation. From an examination of the two acts it is plain that the legislature did not intend that the provision as to the publication of legal notices should cover or affect city ordinances. This, in fact, has already been determined in *City of Pittsburg v. Reynolds*, 48 Kan. 360, 29 Pac. 757, where it was held that chapter 156 of the Laws of 1891 had no application to the publication of city ordinances. While the act interpreted in that decision has been amended by the act of 1901, the provisions which we are considering have not been materially modified, and therefore the case cited is controlling here. It is only necessary, therefore, that the publication should be regarded as a newspaper to meet the requirements of the law. It was issued at regular stated intervals, contained the current news and matters of general interest, including the local happenings of the city, and a great many proposals and notices concerning the grading and paving of streets and other works of internal improvement. Although the *News* was very limited in circulation, we think it must be held to be a newspaper, within the meaning of the statute, and

therefore the objection to the publication of the ordinance cannot be sustained.

An attack is made on the ordinance imposing the license-tax on the ground that it is unjust and unreasonable in its terms and denies to hucksters and hawkers equal protection and privileges. There is legislative authority to impose license-taxes on hucksters as well as almost all other occupations and lines of business. While the tax imposed appears to be large, we cannot say that it is so unreasonable and oppressive as to be invalid. As was said in *Fretwell v. City of Troy*, 18 Kan. 271, the mere amount of a tax does not prove its invalidity. Many things enter into the determination of what constitutes a just and reasonable license-tax, and the amount is necessarily left largely to the judgment and discretion of the municipality. It has been held that a license-tax may be imposed on occupations as a matter of regulation, and also for the purpose of obtaining revenue to meet the general expenses of the city. (*City of Newton v. Atchison*, 31 Kan. 151, 1 Pac. 288, 47 Am. Rep. 486; *In re Chipchase, Petitioner*, 56 id. 357, 43 Pac. 264; *In re Martin*, 62 id. 638, 64 Pac. 43.)

The expense of inspection and regulation, the amount of the city indebtedness and the necessary cost of carrying on the municipal government enter into the question of whether the tax is reasonable and just, and these are considerations for the mayor and council, rather than for the courts. It does not appear that the tax imposed is in excess of the necessities of the city, nor that it is prohibitive or destructive of the licensed business. In such a case the reasonableness of the tax must be left to the municipal authorities. *The City of Cherokee v. Fox*, 34 Kan. 16, 7 Pac. 625, was an attack on a hawker's license which required

the payment of $2.50 per day as a license-tax. It was contended that the ordinance imposing it was unjust, partial and oppressive in its operation, but its validity was sustained. (See, also, *Fretwell v. City of Troy*, supra; *City of Caldwell v. Prunelle*, 57 Kan. 511; 46 Pac. 949.)

The final contention is that the ordinance is invalid because it makes unjust discriminations. The only exception contained therein is one making it inapplicable to persons personally selling the product of their own or leased lands. It is competent for the legislature to make classifications and distinctions which rest on a reasonable basis. The ordinance in question applies to itinerant traders who have no fixed places of business, but who travel from house to house, peddling goods purchased from others. A farmer or gardener who sells the growth or products of his own farm or garden does not come within this class. The vending of the products of the farm or garden in such cases is regarded to be incidental to the principal business of farming and gardening, and it is well settled that they do not come within the meaning of an ordinance requiring the payment of a license for huckstering and peddling in a city. The classification is not arbitrary, as there is a reasonable distinction between the producer who sells his own products and the middleman or itinerant trader who sells what others have produced. (*People v. Sawyer*, 106 Mich. 428, 64 N. W. 333; *Davis & Co. v. The Mayor and Council of Macon*, 64 Ga. 128, 37 Am. Rep. 60; *Burr & Co. v. The City of Atlanta*, 64 id. 225; *Commonwealth v. Gardner*, 133 Pa. St. 284, 19 Atl. 550, 7 L. R. A. 666, 19 Am. St. Rep. 645; *Homewood v. City of Wilmington*, 5 Hous. [Del.] 123; *Lansford Borough v. J. A. Wertman*, 18 Pa. Co. Ct. 469; *Roy v. Schuff*, 51 La. Ann. 86, 24 South. 788; 15 A. & E. Encycl. of L., 2d ed., 294.)

The ordinance makes no exception in favor of soldiers of the civil war, and hence the question discussed by counsel does not arise in this case.

We find no error, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.