THE CITY OF LEBANON V. E. ZANDITON AND
E. E. SHOAF.

No. 15,074   (89 Pac. 10.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*License Tax upon Transient Merchants.* An ordinance of a city of the third class levying a per diem license tax upon transient merchants cannot be held to be violative of the statutory restriction that such ordinances must be "just and reasonable" unless the amount required to be paid is so excessive that it can be said that it is restrictive or oppressive.

2. ——— *Reasonableness of the Tax a Question of Law.* Whether or not an ordinance is void is a question of law.

3. ——— *Punishment for Failure to Procure a License.* Cities have the power to punish the violation of such ordinances by fine and imprisonment.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed February 9, 1907. Affirmed.

*J. T. Reed,* for appellee.

*W. F. Schoch,* and *Lee Monroe,* for appellants.

The opinion of the court was delivered by

GREENE, J.: The appellants were convicted of violating an ordinance of the city of Lebanon, a city of the third class, which provided for the levying and collecting of a license tax from persons doing business within the city. Among other things it provided that no transient merchant should be permitted to sell or offer to sell at retail any articles of merchandise usually kept for sale by any merchant or manufacturer of the city within the limits of the city without first paying a license tax of ten dollars per day. The penalty imposed for a violation of this ordinance was a fine of not less than five dollars nor more than twenty-five dollars for each offense, and it was provided that each day's violation should be considered a separate offense.

The appellants introduced evidence tending to prove

18—75 KAN.

that the city of Lebanon had a population of about 700; that the annual revenue of the city for the two preceding years, which was sufficient to pay the expenses of the municipality, did not exceed $1000 per annum; that the resident merchants whose annual sales ranged from $7000 to $16,000, did not derive a net profit exceeding $1250 per annum; and that the appellants carried a stock averaging $5000. Based upon these facts, they contend that a license tax of ten dollars per day would amount to an annual tax of more than $3000 and is therefore unjust and unreasonable.

The authority to impose and collect a license tax on merchants is plainly granted to cities of the third class by section 1127 of the General Statutes of 1901, and the only statutory restriction placed upon the council as to the amount of such tax is that it shall be just and reasonable. (Gen. Stat. 1901, § 1128.) That this authority is to be used as a means of collecting revenue, as well as regulation, has been placed beyond dispute by the former decisions of this court. (*Fretwell v. City of Troy,* 18 Kan. 271; *City of Newton v. Atchison,* 31 Kan. 151, 1 Pac. 288, 47 Am. Rep. 486.) If, therefore, the ordinance does not violate the restriction that it must be just and reasonable it should be upheld. In *Fretwell v. City of Troy, supra,* in construing a similar ordinance, it was said:

"Regarded as a tax, therefore, it comes within the general proposition concerning taxation, that it knows no limit other than the necessities of the public treasury and the discretion of the taxing power." (Page 274.)

The expenses of the city for previous years, as shown by the evidence, while an item properly to be considered in determining the question of the reasonableness of the ordinance, is not conclusive. The expenses of municipalities are not fixed by any law, and are regulated only by the wants of its citizens and their ability to provide the means to satisfy them. It was said in

*City of Lyons v. Cooper,* 39 Kan. 324, 18 Pac. 296: "It must be a flagrant case of excessive and oppressive levy of a license tax before a court will interfere." (Page 328.) This statement is well sustained by the authorities in this state.

The reasoning of appellants, founded upon the facts in evidence, and following the reasoning of the Illinois courts in the cases of *City of Peoria v. Gugenheim,* 61 Ill. App. 374, and *City of Carrollton v. Bazzette,* 159 Ill. 284, 42 N. E. 837, 31 L. R. A. 522—that an annual license tax at the rate of ten dollars per day upon resident and transient merchants would be prohibitive, is fallacious. The appellants, being transient merchants, were not required to pay an annual license tax at the rate of ten dollars per day throughout the year, but were only required to pay at that rate for the days they remained in business in the city. Such persons only remain in a town long enough to supply it with the kind of articles they sell, and they then move to another place. The appellants therefore failed to establish facts from which a court can say, within the rule stated in *City of Lyons v. Cooper, supra,* that the ordinance was unjust or unreasonable.

It is also contended that the court erred in refusing to submit to the jury for their consideration the evidence offered by the appellants tending to show that the ordinance was unjust and unreasonable. We cannot agree with the appellants in this contention. The facts being undisputed, the question whether an ordinance is void for any reason is a question of law and must be determined by the court. (1 Dillon's Mun. Corp. § 327, and cases there cited.)

Two other contentions are urged: (1) That the city has no power to punish by fine and imprisonment a violation of this ordinance; and (2) that all licenses issued by a city of the third class must be issued for a period of one year, and therefore the city had no authority to pass an ordinance levying a daily occupation

tax. Both of these questions were involved in *Fretwell v. City of Troy*, 18 Kan. 271. The first, while not discussed, was necessarily sustained by affirming the judgment of fine and imprisonment. This decision was made more than twenty years ago, and has never been questioned. The legislature has been in session many times since and no attempt has been made to change the statute. We must therefore conclude that it was intended to grant such authority. Upon the second proposition the court in that case said:

"Nor does the provision that license taxes 'shall be at such rate per year as shall be just and reasonable' prevent a charge of so much per day. The purpose of that section was to prescribe the method of computing the amount of taxes, and that was by the time and not by the amount of business. It did not compel the council to exact a year's license in every case, or prevent them from graduating the amount of the license by the actual time employed in the business licensed." (Page 276.)

Other objections are urged to the validity of the ordinance, and also to some alleged errors at the trial, but they do not require special attention. The judgment is affirmed.

JOHNSTON, C. J., BURCH, MASON, SMITH, GRAVES, JJ., concurring.

PORTER, J. (dissenting) : I dissent from that part of the opinion holding the license tax reasonable and affirming the judgment of the court below.

The business of an itinerant merchant differs from that of a regular merchant only because one is transient and the other permanent. The ownership of property carries with it, as an incident, the right to dispose of it. The owner has the right to establish a business at a place for one day, or for one year, or to locate permanently. In either case his right to sell, barter or exchange his property, subject to reasonable regulations, is guaranteed under the fourteenth amend-

ment to the federal constitution.  The provision that no man shall be deprived of his property without due process of law protects "the stranger within the gates" equally with the oldest inhabitant.  It forbids a city from suppressing or prohibiting a lawful business under the guise of an attempt to regulate, license or tax such business.  (*City of Lyons v. Cooper*, 39 Kan. 324, 18 Pac. 296; *City of Carrollton v. Bazzette*, 159 Ill. 284, 42 N. E. 837, 31 L. R. A. 522.)

The only question here is whether the tax is a reasonable one.  To determine this, regard must be had to the circumstances.  It appears that appellants conducted for a period of nineteen days a business as transient merchants, carrying a stock of clothing and furnishing-goods.  The business did not injuriously affect the public interests, unless the public is interested in the restraint of trade for the benefit of local dealers; nor was the character of the business such as leads to disorder or requires increased police supervision.  In fact only by a sort of fiction could it be said to require or admit of regulation.

The village, with a population of 700 persons, raised for the two preceding years $1000 per year of revenue.  There is no showing that the necessities of the town had increased, and, assuming that they remained about the same, the unreasonableness of requiring appellants to pay $190 for the nineteen days during which they conducted such a business seems apparent.  It is argued in the opinion that it cannot be considered as a rate of ten dollars per day for an entire year because the appellants were transient merchants and only required to pay at that rate for each day they continued in business.  However, if they continued for a year, or for six months, the rate continued the same.  They were charged in the complaint upon nineteen separate counts, and adjudged to pay $304, or sixteen dollars for each day.  This was, it is true, the penalty for failing to procure a license.  The ordinance required them to pay $190.  The absence of any provision for a re-

duction in a case where the merchant remained for a considerable time emphasizes the unreasonableness. The purpose appears to have been to suppress and prohibit a lawful business rather than to regulate it or to raise revenue. The judgment should be reversed.