*In re* Irish.

No. 26,668.

In the Matter of the Application of H. P. IRISH for a Writ of Habeas Corpus.

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Licensing—Classification for Regulation or Revenue.* Under section 1 of chapter 101 of the Laws of 1925, a city of the second class, for regulation or revenue or both, may classify by themselves nonresidents of the city who sell bread or bakery products therein.

2. LICENSES—*Ordinances—Reasonableness of Amount.* An ordinance of a city of the second class which imposes a license fee of $150 a year on nonresidents of the city who sell bread or bakery products therein cannot be declared unreasonable by the courts where the annual revenues of the city amount to $10,803.55 and the annual expenses amount to $9,867.12.

Original proceedings in habeas corpus. Opinion filed May 8, 1926. Petitioner remanded.

*E. D. Woodburn,* of Holton, *Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the petitioner.

*E. R. Sloan,* of Holton, for the respondent.

The opinion of the court was delivered by

MARSHALL, J.: Petitioner, by habeas corpus, seeks to be released from the custody of F. A. Ernst, city marshal of the city of Holton, who is holding petitioner under a commitment issued by the police judge of the city on a judgment convicting the petitioner of violating an ordinance which provides a license fee of $150 per year to be paid by each person, firm or corporation, not a resident of the city, who sells any bread or bakery products to any person, firm or corporation in the city, and which ordinance prescribes a penalty of not less than five dollars nor more than two hundred dollars and not to exceed thirty days' imprisonment, or both such fine and imprisonment, and shall stand committed until the fine and costs are paid. Holton is a city of the second class and had 2,800 people living in it at the time in question. Its total annual revenue then was $10,803.55, and its annual expenditures were $9,687.12.

Another ordinance of the city imposed the following license fees among others:

"Peddlers of knives, spectacles, albums and articles of a like character, per

Licenses, 37 C. J. pp. 192 n. 51, 193 n. 60, 195 n. 76, 206 n. 68; 40 L. R. A. n. s. 286, 289; 19 R. C. L. 956.

day $5, per week $25; traveling artists, per day $1, per month $15; book or map agents or canvassers, per day $1, per month $15; peddlers of all other kinds of goods, wares or merchandise not expressly provided for by ordinance, per day $5, per week $25; *Provided,* That this shall not apply to the sale of farm products or fruit when sold by the producer.  .  .  .

"Corn doctors, not residents of the city, per day $1; dentists, not residents of the city, per day $8.  .  .  .

"The sum of $5 per day on each of the callings, employments and occupations following:  Traveling insurance agents, traveling land agents, traveling investment agents, and other traveling agents of a like calling, employment or occupation."  .

1.  The petitioner contends that the ordinance is invalid because it does not classify occupations, businesses or professions in the city as provided by statute.  The ordinance was passed under the provisions of section 1 of chapter 101 of the Laws of 1925, which provides: ·

"That the governing body of any city of the second or third class shall have the power by ordinance to classify and license for purpose of regulation or revenue any and all occupations, businesses or professions pursued, conducted or carried on within its corporate limits which are not prohibited by law or which are not or shall not be specifically or exclusively reserved to the state or county as objects of taxation or regulation, subject to the constitution and laws of this state, and shall fix the amount of all license fees and provide for their collection and prescribe penalties for the nonpayment thereof."

The tax here imposed is on nonresidents of the city of Holton, who sell bread or bakery products in that city.  By the ordinance, a tax is'levied on one particular class of persons who do a particular kind of business in the city.  The law gives to the governing body of the city the power to classify any (and all) occupations, businesses or professions carried on within the city.  The statute gave to the city the power to make the classification that is found in the ordinance. The fact that the ordinance applies only to nonresidents does not render it invalid.

2.  The petitioner contends that the ordinance is invalid because the license fee or tax provided in the ordinance is unreasonable, unjust, discriminatory, and prohibitive.  In the *City of Caldwell v. Prunelle,* 57 Kan. 511, 46 Pac. 949, this court said:

"A city of the second class may impose a license tax on photographers; and the fact that a larger tax is required from a traveling or nonresident photographer than from a resident regularly engaged in the business does not render the ordinance invalid."

In *Kansas City v. Overton,* 68 Kan. 560, 75 Pac. 549, this court said:

*In re* Irish.

"An ordinance requiring hucksters or hawkers to pay a license of thirty-five dollars for each six months, and requiring a helper or assistant of such huckster or hawker to pay a license of fifteen dollars for the same time, is not so unjust or unreasonable in its operation as to be invalid.

"The expense of inspection and regulation, the amount of the city indebtedness and the necessary cost of carrying on the municipal government enter into the question as to whether a license tax is reasonable and just, and these are considerations for the municipal authorities rather than for the courts.

"A city ordinance imposing a license tax on hucksters or hawkers is not invalid because it exempts from its operation those who are personally selling the products of their own or leased lands."

In *Desser v. City of Wichita,* 96 Kan. 820, 153 Pac. 1194, this court said:

"Before the courts can interfere with the exercise of legislative power granted to the city to license and regulate such conveyances [jitneys] it must appear that the attempted exercise of such power is flagrantly unjust, unreasonable or oppressive."

In *Lebanon v. Zanditon,* 75 Kan. 273, 89 Pac. 10, a license tax of ten dollars a day on transient merchants was upheld.

It is presumed that the ordinance is valid. (37 C. J. 194-195.) The only question involved in what is left for discussion is whether or not the fee required by the ordinance is unreasonable. The rate fixed is $150 a year—about fifty cents a day for each of the business days of the year—not a very high rate. If the rule declared in *Desser v. City of Wichita,* supra, is followed, the ordinance cannot be declared invalid; it does not appear to be flagrantly unjust, unreasonable or oppressive. The court is not warranted in declaring the ordinance invalid.

The petitioner is remanded to the custody of the city marshal.

Burch, J., dissenting.

Dawson, J. (dissenting): Whether an exercise of legislative power "is flagrantly unjust, unreasonable or oppressive" (*Desser v. City of Wichita,* supra) is a question which in the nature of things must be broadly addressed to the judicial conscience. In pretending to exact a tribute of $150 per annum from nonresidents of Holton for the right to sell bread in that little city, the ordinance grossly offends against my sense of justice and good faith. The only evidence presented to us shows such an exaction will amount to virtual prohibition. It may be said that this evidence is the mere conclusion of the witness. It is also my conclusion—one I draw

by taking judicial notice of the pertinent facts and circumstances. I am persuaded this provision of the ordinance will never bring one legitimate dime into the city treasury, and I cannot persuade myself it was ever intended to do so. This cause being an invocation of our original jurisdiction where this court must bear full responsibility not only for declaring the law but for ascertaining the facts, I hold the tax unjust, unreasonable and oppressive; and if in its practical operation it does amount to prohibition, as I believe and as time will certainly demonstrate, it is violative of both the state and federal constitutions. (Const., art. 12, § 5; U. S. Const., 14th Amend.; *City of Lyons v. Cooper*, 39 Kan. 324, 18 Pac. 296; *In re Chipchase, Petitioner*, 56 Kan. 357, 43 Pac. 264; *State v. Wilson*, 101 Kan. 789, 792, 793, and citations, 168 Pac. 679.)

HARVEY, J., concurs in the dissenting opinion.