No. 37,711

CITY OF INDEPENDENCE, *Appellee*, v. AL WENDORFF, *Appellant*.

(216 P. 2d 820)

Opinion filed April 8, 1950.

*Max Regier,* of Newton, argued the cause, and was on the briefs for the appellant.

*John F. O'Brien,* of Independence, argued the cause, and *W. J. Burns* and *O. L. O'Brien,* both of Independence, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal in this case is to test the validity of an ordinance of the city of Independence, a city of the second class. Acting under a statute (G. S. 1935, 12-1650) the city enacted an ordinance, amended in a particular not here important, levying license taxes on occupations, trades, professions and businesses in the city of Independence and providing penalties therefor. It provided:

"No person, firm or corporation, either as principal, agent or employee, shall conduct, pursue, carry on or operate in the city of Independence, Kansas, any trade, calling, occupation, employment, profession or business, without having

first filed with the city clerk of said city an application for a license as provided herein, and without paying to the city clerk of said city a license tax hereinafter described and receiving a license therefor."

It listed a large number of occupations, trades, professions and businesses in the city (all, or practically all of them) and fixed a license tax for each. Among those so listed were peddlers, canvassers and solicitors, per day $2.50, per week $11, per six months, $25.50; no license to be issued for a period less than two days. The ordinance contained a provision for the issuing of the license after an investigation of the moral character of the applicant and provided that the board of commissioners may forfeit the license under certain conditions. In November, 1948, appellant and one Frank Cook were charged separately with soliciting within the city without having applied for or obtaining a license. The city attorney filed a complaint in the police court against each of them and warrants were issued and they were brought before the court, where, after a hearing, they were found guilty and sentenced to pay fines. They appealed to the district court, where their cases came on for hearing at the same time. It was stipulated between the city attorney and the attorney for the defendants that there existed in the city certain ordinances, being the ones providing for the license taxes, and that the same were in full force and effect; that about November 18, 1947, Frank Cook, being an employee of the Royal Art Studios of Dallas, Tex., was doing business as a solicitor within the city of Independence without complying with or attempting to comply with the provisions of the ordinances relating thereo, and that Al Wendorff did then and there aid and assist Frank Cook in carrying on the occupation as a solicitor without a license under the ordinance.

"That on or about the 21st day of November, 1947, both of said defendants were taken before the Police Court of said city of Independence, and by and through their attorney, Max Regier, stated to the court that the facts, as set forth in both of the complaints filed against said defendants, were true and correct, but that it was the contention of the defendants that the ordinances above stated were and are invalid and unconstitutional, and that by reason thereof the said city of Independence, Kansas was without power to enforce such ordinances."

It was further stipulated that the police court had assessed a fine against the defendants and they had appealed.

After hearing arguments the district court found Al Wendorff guilty of violating the ordinance and assessed a fine against him of one dollar and costs. From this judgment and sentence he has appealed.

Counsel for appellant argues that ordinances of this kind cannot be discriminatory, citing *In re Irish*, 122 Kan. 33, 250 Pac. 1056, where it was held an ordinance requiring a license tax for a nonresident to sell bread in Holton, and exacted no license tax from residents of the city who sold bread in the city, was discriminatory and invalid. Two or three other cases of the same kind are cited. None of them has any application here for the simple reason that the ordinance makes no such discrimination, as the court found in the cases relied upon.

Counsel further argues that the imposition of the tax of $2.50 per day, and no license to be issued for less than two days on peddlers, canvassers and solicitors, is confiscatory and that the ordinance is void for that reason. There is no evidence in the record tending to support appellant's view on this point, and we cannot say as a matter of law that the tax is so high as to be confiscatory. There is further discussion under the heads of "Unreasonable Regulation" and of "General Invalidity." There is nothing in the record to show that any of these points was ever presented to or ruled upon by the trial court. The abstract contains no specification of errors, and for that reason the appeal must be dismissed. See *Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, where the question is discussed at length and our earlier Kansas cases are cited.

The appeal is dismissed.