No. 27,036.

V. A. DUFF et al., *Appellants,* v. THE CITY OF GARDEN CITY et al., *Appellees.*

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Charge for Selling Gasoline and Oil—Construction —Void as License Fee.* A charge imposed by a city on the business of selling gasoline and oil is interpreted to be in substantial part a license fee rather than an occupation tax and is held to be in conflict with chapter 274 of the Laws of 1925, which provides for a state tax on the business and exempts dealers from the payment of license fees and all other charges except occupation taxes.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed January 8, 1926. Reversed.

*Earle W. Evans, George C. Spradling,* both of Wichita, *Edgar Foster* and *Horace J. Foster,* both of Garden City, for the appellants.

*Robert S. Field* and *R. W. Hoskinson,* both of Garden City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by a number of individuals, firms and corporations engaged in the sale of gasoline and oil against Garden City to enjoin the enforcement of a city ordinance

---

Licenses, 37 C. J. pp. 171 n. 57, 172 n. 65, 184 n. 47, 190 n. 35, 191 n. 41, 192 n. 51.

Duff v. Garden City.

fixing what is termed an occupation license fee upon the business of selling gasoline. A temporary injunction was granted at the commencement of the action, but after plaintiffs had introduced their evidence at the trial, the court sustained a demurrer thereto dissolving the temporary injunction previously granted and gave judgment for the defendants. Plaintiffs appeal.

They contend that the ordinance under which fees are charged and collected is in conflict with the statute imposing a tax on the sale or use of motor-vehicle fuels, including gasoline, and providing "that the tax herein provided for shall be in lieu of all other taxes or license fees (except occupational taxes) upon the sale or use of said motor-vehicle fuels." (Laws 1925, ch. 274, § 6.) It was also insisted that the fee charged is unreasonable, oppressive and confiscatory and that the revenue requirements of the city do not warrant the imposition of such a charge. The material parts of the ordinance challenged for invalidity follow:

"ORDINANCE No. 261.

"AN ORDINANCE fixing an occupation license fee on certain trades, occupations and businesses in the city of Garden City, Kansas, and classifying the same for the purpose of regulating such trades, occupations and businesses and raising revenue for said city and providing for the time and manner of paying such license fees and fixing penalties for the nonpayment thereof.

"*Be it ordained by the Mayor and Commissioners of the city of Garden City, Kan.:*

"SECTION 1. That every person, firm or corporation now engaged in the business, trade or occupation of selling gasoline in said city either at wholesale or at retail, shall pay to said city an annual license fee for each place of business conducted by them as follows:

"At each place of business, or filling station where one gasoline pump is used in dispensing gasoline in said business, the sum of $360.

At each place of business or filling station where two gasoline pumps are used in dispensing gasoline in said business, the sum of $720.

"Where no gasoline pumps are used but other means are used for dispensing gasoline at wholesale or at retail, the sum of $360 annually for each dispensing method used.

"SEC. 2. The license fee provided for in this ordinance shall be paid in twelve equal monthly installments and each person, firm or corporation required to pay a license fee under the provisions hereof shall pay one-twelfth part of said annual license fee to the city clerk in advance on the first day of each month, the first monthly installment of said fee to be paid after this ordinance takes effect shall be made on the first day of October, 1925, the city clerk shall issue the city's receipts for all fees received under this ordinance, which receipt shall recite the month or period of time for which such fee is paid and the date when paid and the amount thereof.

"Sᴇᴄ. 3. Every person, firm or corporation who shall fail for five days to pay any monthly installment of said license fee as herein provided for and required herein to be paid by them, after the same is due and payable shall be deemed guilty of a misdemeanor and shall be fined not less than $50 nor more than $100 and the costs of prosecution, and shall be committed to the jail of said city until said fine and costs are paid.

"Sᴇᴄ. 4. All license fees collected under this ordinance shall be placed in the city street and alley fund of said city and shall be expended in the improvement of the streets and alleys of said city."

There was testimony to the effect that the only other business or occupation regulated or charged with a license fee or tax was pool halls, and since the passage of the ordinance a charge has been imposed on auctioneers. There was testimony to the effect that there were twenty-eight gasoline stations, pumps and tank wagons that would be subjected to this license fee in Garden City, a city of the second class with a population of about 4,000. Some of the dealers testified that the fee charged was in excess of the profits derived from the sale of gasoline. One of the smaller dealers said that his gross profits on gasoline would not equal the license fee and that he had to abandon the business. There was testimony of others tending to show that the charge would reduce the net profits so they would be inadequate. Some of the dealers conduct other business in connection with dealing in gasoline, and it was shown that others would be able to continue in business at reduced profits but would not be driven out by the fees charged. As to the requirements of the city for the improvement and maintenance of the streets and alleys, it was shown that in 1924 the city expended thereon $1,873.29, which was raised by a tax levy for that purpose. In 1925 the amount raised for the same purpose was $5,367.77, and the estimate is that the amount that would be raised from the license fees imposed would amount to about $10,000.

The question of whether or not the city ordinance is in conflict with the state law depends largely upon whether the charge is occupation tax or a license fee; whether it is a revenue measure wholly or in substantial part regulatory. If it is an occupation tax it is not within the prohibition of the statute cited, but if it is wholly or in part a license fee regulatory in character, it conflicts with the statute and is invalid.

In the title of the ordinance the term occupation license fee is used, and it is said to be for the purpose of regulation as well as revenue, but throughout the body of the ordinance the charge is

spoken of as a license fee, the term usually applied to charges for regulation, restriction and control. A regulation charge is one exacted for a privilege or as a condition precedent to the carrying on of the business and is an exercise of the police power, while an occupation tax is imposed under the power of taxation. (6 Words and Phrases 4908.) The term used in naming the charge is not always controlling, as it is sometimes used loosely and indiscriminately, and so we must look to the language of the ordinance to determine the legislative purpose. In the title of the ordinance it recites that the trades, occupation and business are classified for the purpose of regulation as well as revenue. The charge is repeatedly referred to in the body of the ordinance as a license fee on the business of dealing in gasoline. It is required to be paid in monthly installments in advance for which a receipt is to be given. Those who obtain the receipt may sell gasoline, and those who engage in the business without paying the fee and obtaining the receipt are deemed to be guilty of a misdemeanor and subjected to a heavy fine. The charge was evidently intended as a regulation of the business, and probably as a restriction as to the number of parties that might engage in it. The amount of the charge is such as to prohibit the continuance in business of small dealers. Being a license fee and regulatory, at least in part, it falls within the prohibition of the statute. The legislative purpose was that the tax imposed by the state upon the sale of gasoline should be in place of and exclusive of all charges other than occupation taxes. License fees are in terms excluded, and it is clear that a substantial part of the charge made in the ordinance is for regulation, control and restriction, and is in conflict with the statutory limitation. Even if part of the charge can be regarded to be for the raising of revenue it cannot save the ordinance, as the parts are inseparable. The charge does not apply to occupations or businesses in general, but only to the sale of gasoline and oil, a legitimate business, and is grossly excessive. As an occupation tax it is discriminatory and out of line with that imposed on other legitimate occupations, trades or businesses and has no reasonable relation to the revenue requirements of the city. (*Scriven v. City of Lebanon,* 99 Kan. 602, 162 Pac. 307.) On that theory the ordinance would seem to be unjust, unreasonable and confiscatory, but we will dispose of the case upon the ground that it is in conflict with the statute in that the charge is in substantial part a license fee which the city may not impose. It is clearly beyond any

proper charge for the expense of public supervision and police protection, and must be regarded as invalid.

The judgment will be reversed and the cause remanded with directions to enter judgment for plaintiffs.

HOPKINS, J., not sitting.