No. 33,008

THE CITY OF INDEPENDENCE, *Appellant,* v. L. A. HINDENACH, *Appellee.*

(61 P. 2d 124)

Opinion filed October 10, 1936.

*Chester Stevens* and *W. D. Kimble,* both of Independence, for the appellant.
*Harold Medill,* of Independence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This action involves the question of the validity of an ordinance of a city of the second class which attempts to im-

pose an occupation tax upon a dentist practicing his profession within the limits of the city. Other questions involved are the right of the city to maintain a civil action to collect such occupation tax, its right to appeal to this court when the total amount involved is less than $100, its right to maintain an action for injunction against the defendant dentist to restrain him from pursuing the practice of his profession until his occupation tax is paid, and its right to maintain an action for a declaratory judgment upholding the validity of the ordinance.

The petition contains six counts. The first four are each for the recovery of the occupation tax for a period of six months in the sum of $5.50 covering the period of two years immediately prior to the commencement of the action, making a total sum of $22. The fifth count sets forth plaintiff's reasons for maintaining an equitable action and asking for an injunction, and the sixth count alleges the existence of an actual controversy between the city and the defendant dentist and asks for a declaratory judgment as to the validity of the ordinance. The defendant filed demurrers to each of the six separate causes of action, which demurrers were sustained by the trial court, and the city appeals from that ruling.

The appellant does not contend that the city of Independence, being a city of the second class, has an inherent right to pass an ordinance imposing an occupation tax on dentists or those engaged in other professions or occupations, but that such right is given it by statute. Neither does the defendant dentist contend that the dental profession is not included in Ordinance No. 1919 passed by the city council of Independence nor that it was not the intention of the council to so include it, but maintains that there is no legislation authorizing the passing of such an ordinance. Section 11 of Ordinance No. 1919 of the plaintiff city, which became effective January 1, 1926, is as follows:

"Section 11. Each person engaged in the following-named professions or occupations, shall pay a license tax,

"Six months ........................................... $5.50
  1. Architect.
  2. Accountant.
  3. Abstractor.
  4. Dentist.
  5. Doctor.
  6. Geologist.
  7. Lawyer.
  8. Optometrist.
  9. Veterinarian."

The statute about which the contention arises in this action, as to

its giving or not giving authority to the city to pass such an ordinance and to impose such a tax is R. S. 1933 Supp. 12-1650, and is as follows:

"That the governing body of any city of the second or third class shall have the power by ordinance to classify and license for purpose of regulation or revenue any and all occupations, businesses or professions pursued, conducted or carried on within its corporate limits which are not prohibited by law or which are not or shall not be specifically or exclusively reserved to the state or county as objects of taxation or regulation, subject to the constitution and laws of this state, and shall fix the amount of all license fees and provide for their collection and prescribe penalties for the nonpayment thereof."

The position the defendant takes is that his profession is regulated by the state, and the state has reserved to itself the exclusive right to regulate the practice of dentistry in Kansas, and therefore the members of that profession are exempt from and are not subject to the imposition of an occupation tax by a city ordinance. R. S. 1933 Supp. 65-1404 requires all persons desiring to engage in the practice of dentistry before beginning such practice to apply to the state board of dental examiners and obtain a license for such purpose, and R. S. 1933 Supp. 65-1406a requires that such licensed dentist shall thereafter annually before the first day of December pay to the state board the sum of one dollar, and if that is not paid his license will be revoked. There can be no question but that the profession of dentistry is regulated by the state, but does that exempt the members of that profession from payment of occupation tax to the city?

The defendant insists, and the trial court concluded, that the exclusive regulation of the profession by the state exempts it under the statute from the payment of occupation tax to a city. Defendant cites cases showing that this regulation of the practice of dentistry extends to and includes professional and personal conduct for years after one is licensed, and argues that such regulation necessarily includes all revenue matters and excludes any right of a city to impose or collect an occupation tax. It will be observed that the language of the statute here considered, R. S. 1933 Supp. 12-1650, is in the alternative as to regulation and revenue. The city has authority under this statute to classify and license for the purpose of regulation or revenue all occupations which are not prohibited or which are not specifically or exclusively reserved as objects of taxation or regulation. The argument that regulation

includes taxation makes the use of the word taxation in the statute unnecessary and superfluous.

Chief Justice Johnston, in the case of *Duff v. Garden City*, 122 Kan. 390, 251 Pac. 1091, distinguished between the terms "occupation tax" and "license fee" as follows:

"The question of whether or not the city ordinance is in conflict with the state law depends largely upon whether the charge is occupation tax or a license fee; whether it is a revenue measure wholly or in substantial part regulatory. If it is an occupation tax it is not within the prohibition of the statute cited, but if it is wholly or in part a license fee regulatory in character, it conflicts with the statute and is invalid.

". . . A regulation charge is one exacted for a privilege or as a condition precedent to the carrying on of the business and is an exercise of the police power, while an occupation tax is imposed under the power of taxation. (6 Words and Phrases, 4908.)" (pp. 392, 393.)

In the case of *McKay v. City of Wichita*, 135 Kan. 678, 11 P. 2d 733, after referring to the distinction made in the Duff case, it was said:

"A noticeable distinction between the amended act applicable to cities of the second and third class and the act applicable to cities of the first class is with reference to the specific words used to express the purposes of the act. In the latter the governing body may levy and collect 'a license tax upon and regulate.' In the former the governing body shall have the power to classify and 'license for purpose of regulation or revenue.' For the smaller cities the tax may be imposed either for regulation or for revenue, while first-class cities may levy and collect a license tax and regulate, plainly excluding the alternative privilege and limiting the purpose to licensing and regulating." (p. 680.)

In 3 McQuillin on Municipal Corporations, 2d ed. 461, it is said:

"The general statement is often made that occupation taxes are imposed for revenue and license taxes or fees for police regulation. A license fee or tax comes within and is based upon the police power of the state to regulate or prohibit a particular business. It is intended to regulate and not to raise revenue. An occupation tax is primarily intended to raise revenue by that method of taxation."

The article and chapter above cited as to licensing dentists nowhere prohibits a city from imposing an occupation tax as and for revenue; neither does it specifically or exclusively reserve to the state the matter of taxing a dentist. The distinctions made in the definitions above given are in accord with the usual construction of sentences containing alternatives when separated by a disjunctive as in this case. Even if the word "regulation" might possibly be

held to include the matter of revenue or taxation, yet under the terms of the statute such matter would have to be prohibited from exercise by the city or specifically or exclusively reserved to the state in order to exempt the profession from an occupation tax. No such prohibition or reservation has been pointed out to us as being contained in this statute or in the statute regulating the profession of dentistry. We therefore conclude that Ordinance No. 1919, enacted by the city of Independence, imposing an occupation tax on dentists, is valid.

Defendant argues that even though the ordinance of the city imposing an occupation tax may be held valid, yet the city cannot maintain a civil action to collect such tax, citing among other authorities 44 C. J. 1347, wherein it is stated that there appears to be considerable conflict of authorities as to whether taxes constitute a debt which may be enforced by a personal action, especially where the statute fails to authorize such action or authorizes a different action only. The statute in the case at bar does not limit the city to the enforcement of penalties for the failure to pay such occupation tax, but the section concludes by authorizing the city to provide for both civil and criminal procedure as follows:

". . . and shall fix the amount of all license fees and provide for their collection and prescribe penalties for the nonpayment thereof." (R. S. 1933 Supp. 12-1650.)

The ordinance, a copy of which is attached to the petition, does not seem to have provided for any civil action, but the failure to do so in the ordinance will not prevent the city from later exercising its privilege given it by statute.

In the case of *Comm'rs of Stafford Co. v. National Bank,* 48 Kan. 561, 30 Pac. 22, it was held:

"A tax is not a debt in the ordinary acceptation of that term, and consequently a civil action will not lie for its recovery, except in those cases where the statute expressly confers the right to bring such an action. . . ." (p. 562.)

The case of *City of Faribault v. Misener,* 20 Minn. 396, cited by defendant, concludes its holding as follows:

"Where a statute creates a right, and provides a method in which it may be enforced, the statutory remedy is exclusive; and this although such statutory remedy be impracticable or insufficient." (Syl.)

This ruling is based upon a statute which outlined and prescribed the method of collecting poll tax.

In the case of *Comm'rs of Franklin Co. v. City of Ottawa,* 49 Kan. 747, 31 Pac. 788, the city of Ottawa brought an action against the board of county commissioners of Franklin county to collect a claim for the improvement of a street in front of the courthouse square and was allowed to recover wholly because the statute authorized such recovery.

We think the presence of provisions in the ordinance for penal proceedings and the absence of similar details for recovery of occupation tax by civil procedure does not prevent the city from resorting to the civil proceedings when both are included in the statute authorizing the ordinance.

Defendant has filed a motion to dismiss the appeal on the theory that this court is without jurisdiction to review the action of the trial court in sustaining the demurrers because the amount in controversy is less than $100, urging that the reference in R. S. 60-3303 to "cases involving the tax or revenue laws" as an exception to the $100 limitation is not here applicable and that all that is involved in this case is a license fee or tax due by virtue of a city ordinance, and that such exception in the statute concerning appeals has reference only to general property tax laws of the state and not to license fees. The first and most important question under consideration in this case is and has been the validity of a city ordinance under the authorization of R. S. 1933 Supp. 12-1650 as to cities of the second class imposing and collecting an occupation tax. The validity or invalidity of the ordinance had to be determined by a construction placed upon the requirements, limitations, authorization and extent of the provisions of that statute. An occupation tax or revenue would appear to be a tax or revenue law as much as a general property tax law, and we see no good reason why this exception to the $100 limitation provision in the appeal statute is not as effective as any of the other exceptions, viz., those laws involving "title to real estate, or an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States." (R. S. 60-3303.)

In 3 C. J. 392, under the subject of Appeal and Error, it is said:

"Generally, however, by express exception, a case involving the validity of a statute or municipal ordinance, or in some jurisdictions the construction of a statute, is appealable, irrespective of the amount involved. But no appeal will lie on this ground where the validity or the construction of the statute or

ordinance is not involved, or where it is not the primary subject of the inquiry. . . ."

The appeal comes properly under the exception, and the motion to dismiss the appeal is overruled.

The plaintiff city has applied for injunctive relief, requesting an order restraining and enjoining the defendant from practicing his profession as a dentist in the city in open violation of the ordinance imposing an occupation tax. Plaintiff argues that the continued refusal to comply with the requirements of the ordinance has encouraged others to do as he has been doing, which has deprived the city of a large and necessary income from this character of taxes so as to make his refusal to pay and consequences therefrom a nuisance and such as should be stopped for the benefit of the public. The defendant cites very forcible rules and decisions as to the usual hesitancy in granting injunctions against those violating the requirements of a law, either criminal or civil, among which are *Beard v. Kansas City*, 97 Kan. 144, 154 Pac. 230, *City of Hutchinson v. Bell Telephone Co.*, 109 Kan. 545, 200 Pac. 301, and 32 C. J. 64, the last of which is as follows:

"Where remedy for any particular wrong or injury has been provided by statute, the general rule is that no relief in equity can be afforded in such case by injunction. Constitutional objections being eliminated, a court of chancery will not intervene merely to better such remedy as the legislature has deemed sufficient. It has been said that the general rule is applicable although the provisions of the statute may conflict with the notions of natural justice entertained by a court of chancery. However, if the statutory remedy is not obviously adequate a bill for injunction may lie. Of course the rule has no application unless the acts complained of are within the purview of the statute providing the remedy."

Where, however, it reaches the point of being classed as a nuisance the rule is different, as stated in the case of *State v. Lindsay*, 85 Kan. 79, 116 Pac. 207, where a statute was continuously violated by conducting an insane asylum in a certain locality without permission, and it was there held:

"Courts of equity are reluctant to use the process of injunction where the remedy by indictment or information is efficacious, but will not hesitate where the remedy is not adequate and it is necessary to protect the rights of the public or an individual. A court is not powerless to prevent the doing of an act merely because it is denounced as a public offense." (p. 83.)

We are not holding that the allegations in the fifth count of the petition constitute a nuisance nor that an injunction must be granted

on account of the injury to the public by such continued violation of the requirements of the ordinance, but we only say that under the facts and circumstances alleged in the petition and discussed in the briefs an injunction could be granted, and therefore the matter should have been left open for a hearing.

The last question before us for consideration in this appeal is whether or not the allegations of the sixth count presented sufficient grounds to entitle plaintiff to a declaratory judgment. Defendant thinks they do not, particularly because they do not name the necessary parties to the alleged controversy, that other dentists practicing that profession in the city were necessary parties, citing *State, ex rel., v. Wyandotte County Comm'rs*, 128 Kan. 516, 279 Pac. 1; *Colver v. Miller*, 127 Kan. 72, 272 Pac. 106; and *West v. City of Wichita*, 118 Kan. 265, 234 Pac. 978. In the first case the action was brought by the state against the county commissioners and the county treasurer of the county to determine the power of the county officers over deposit funds belonging to the county and to whom contract price for public works should be paid where bond had been given for the performance of the contract and the proceeds had been assigned, and the court declined to render a declaratory judgment without the other vitally interested parties being in court. In the second case above cited a person not made party to the case held an interest as one of the grantees in a quitclaim deed where the force and effect of the deed was the matter in controversy. The last case concerned a zoning ordinance. The controversy was based upon speculative circumstances and matters that might never develop or exist.

The essentials for the use of the declaratory-judgment statute, R. S. 60-3127, are that an actual controversy must exist between the parties to the case. In this case an actual controversy is declared to exist between the city and the defendant dentist involving the interpretation of a statute and a municipal ordinance.

33 C. J. 1105 states with reference to parties in declaratory-judgment proceedings that—

"An essential element, implied in all the definitions of a judgment which have been given, is that there must be parties whose rights are determined by the adjudication."

No other party is interested in this case as to whether or not the statute and ordinance under consideration require the payment by defendant of this occupation tax except the city and the defendant.

Of course other dentists are similarly interested, but not in the issues of this case and the payment of the tax which the city claims to be due from defendant. R. S. 60-3132 refers to the matter of declaratory judgments as being of a remedial character and entitled to be liberally interpreted and administered.

We think as to this last proposition, as in the preceding ones, that it was error to sustain the demurrer.

The rulings of the trial court are reversed, and direction is given to overrule the demurrers to the several counts of the petition.