No. 35,377

H. R. MATHENY, *Appellant,* v. THE CITY OF HUTCHINSON, *Appellee.*

(121 P. 2d 227)

Opinion filed January 24, 1942.

*Ray H. Tinder,* of Wichita, for the appellant.

*J. Richards Hunter* and *Eugene A. White,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin the enforcement of a city ordinance. Judgment was for the defendant. Plaintiff appeals.

The petition of the plaintiff alleged that he was engaged in the

business of the retail sale of cigarettes by means of cigarette vending machines; that in the year 1939 he produced a net profit, inclusive of the amount of city license tax, of $1,186.80 and paid as a commission to the merchants of Hutchinson $2,547.65 and a property tax of $150; that his business needed no city or police inspection, regulation or supervision to preserve good order, and that if any such was needed it would be of a minor detail and expense. The petition then alleged that on the third day of January, 1940, the governing body of the city of Hutchinson passed ordinance No. 2634 purporting to be a license tax ordinance; that this amended section 2 of ordinance No. 2385, which has been amended by ordinance No. 2444. Copies of these ordinances were attached to the petition and it was alleged that unless restrained the defendant would prosecute the plaintiff by arrests and imprisonment and fine on account of a violation of these ordinances. The petition then alleged that these ordinances were unjust and unreasonable and not a bona fide attempt on the part of the defendants to regulate plaintiff's business; that they were contrary to the fourteenth and fifteenth amendments to the constitution of the United States and contrary to the provisions of section 5 of article 12 of the constitution, and sections 2 and 18 of the bill of rights of the constitution of Kansas and in violation of G. S. 1935, 13-910; that they were void because they discriminated between businesses in the city of Hutchinson and were an attempt to levy an occupation tax under the guise of a pretended license tax and the city had no power to levy such a tax; that the ordinances were void because they were not within the police power of the city and deprived plaintiff of personal rights and liberties without due process of law, and were passed with the intent to prohibit the lawful sale of cigarettes through vending machines, and that the plaintiff had no adequate remedy at law. As the ordinance, the enforcement of which the plaintiff seeks to enjoin, was finally amended, it reads as follows:

"An ordinance repealing ordinance No. 1882 approved November 22d, 1927, and levying license or occupational tax on all vending machines, providing for the collection of said tax and providing penalties for the violation thereof.

*"Be it ordained by the mayor and commissioners of the city of Hutchinson:*

"SECTION 1. 'That Ordinance No. 1882, approved November 22d, 1927, be and the same is hereby repealed.'

"SECTION 2. 'That there shall be a license tax levied and required of every person, firm, partnership or corporation who shall set up, maintain, operate, own, or own and operate merchandise vending machines or weighing machines

in the city of Hutchinson, Kansas. Such a person shall be known as an operator and said fee shall be in the following amount:

" 'For machines requiring five cents (5¢), or less, per operator per year $15.00.

" 'For machines requiring more than five cents (5¢), per machine per year $5.00.

" '*Provided, however,* That the above fees shall apply only to operators having four or more machines vending the same merchandise, and provided further, that in determining said number of machines only those shall be considered which shall be in use during some portion of the calendar year for which any such license as provided for herein shall be issued.'

"Section 3. Repealed.

"Section 4. 'That before any person, firm or corporation shall set up, maintain, or operate any merchandise vending machines of any kind or nature in the city of Hutchinson, Kansas, the owner or agent of the owner of said machine or machines shall make application to the city clerk of the city of Hutchinson, Kansas, for a permit to operate such machines, and shall pay the tax specified therefor; and that no license shall be issued for less than one year, and licenses shall not be transferable from one owner to a subsequent purchaser.

" 'That the owner, agent of the owner, or operator of said machine or machines shall at all times give and advise the chief of police of the city of Hutchinson, Kansas, the address and location of all said merchandise vending machines while being operated in the city of Hutchinson, Kansas. That it shall be unlawful for any person, firm, or corporation to permit or allow any merchandise vending machines to be placed or operated anywhere within the corporate limits of the city of Hutchinson, Kansas, until the said owner, agent of the owner, or operator shall have paid the license specified by this ordinance to the city clerk of the city of Hutchinson, Kansas; and shall have notified the chief of police of said city of Hutchinson, Kansas, of the address of the said machine or machines.'

"Section 5. 'That any merchandise vending machine found by the police department to be in operation within the city of Hutchinson, without its location being reported to the city clerk or which is being operated by an operator who has not paid the tax provided herein, shall be immediately taken into possession of the said police department and confiscated as the police court may direct.

" 'Any person, firm or corporation violating any of the terms of this ordinance shall be guilty of misdemeanor, and on conviction shall pay a fine of not less than twenty-five dollars or more than five hundred dollars.' "

For answer to plaintiff's petition the defendant alleged that the ordinances were regularly adopted, denied that they levied an occupation tax but alleged that they did levy a license tax as an incident to the regulation of the business and by authority of G. S. 1935, 13-910, and denied that they intended to operate to prohibit any lawful occupation or to deny or deprive the plaintiff of any personal rights. The answer further alleged that each vending machine in its respective location constituted a separate place of business of the

plaintiff and that the license tax imposed by the ordinances was reasonable, proper and justified by the protection granted and especially denied that the license tax ordinances were unreasonable, unjust or discriminatory.

The parties stipulated that the plaintiff had sixty-two cigarette vending machines owned by him and located in the city during 1940; that they were upon the property and within the places of business of citizens of Hutchinson and not in the public streets or highways; that the machine distributed standard sized packages of cigarettes and standard brands at standard prices; that the plaintiff was engaged in the retail sale of the distribution of cigarettes by the method of cigarette vending machines in Hutchinson; that cigarettes were a merchandising commodity of general public demand; that cigarette vending machines, other than those owned by the plaintiff, were then within locations and being serviced by others retailing cigarettes in like manner; that the city of Hutchinson did not grant limited and exclusive vending machine privileges for cigarettes; that the exhibits attached to plaintiff's petition were true copies of city ordinances Nos. 2385, 2444 and 2634 and that no license tax was levied by the city against any person as a prerequisite to the retail sale of cigarettes except where such retail sales were through cigarette vending machines and that the total for the year 1940 as taxes assessed against the plaintiff by defendant city was $310; that this amount had not been paid and that had the defendant city not been restrained it would have in the exercise of the police power caused the arrest of or civil action to be instituted against the plaintiff for violation of the ordinance now the subject of this action.

The court did not make findings of fact, but made a memorandum opinion which had the effect of findings of fact. This memorandum opinion will be considered later.

Appellant first argues that ordinance No. 2385 as amended by subsequent ordinances 2444 and 2634 approved December 29, 1939, is an occupation tax and revenue measure, and its enactment and enforcement is beyond the power of the city to enact.

Should it be held that the ordinance levies an occupation tax, then the argument of plaintiff would be good because cities do not have power to levy such taxes. (See G. S. 1935, 13-910; also, *McKay v. City of Wichita,* 135 Kan. 678, 11 P. 2d 733.)

The above statute does provide, however, that cities of the first class may levy and collect a license tax upon and regulate "all

callings, trades, professions and occupations . . . carried on
. . . within the limits of such city." The section enumerates
many callings and has a final provision that it shall apply to any
and all other businesses, trades, avocations or professions not men-
tioned. While the business of operating cigarette vending machines
is not named in the section, the latter provision is broad enough to
include them.

We must examine this ordinance, therefore, to ascertain whether
it levies an occupation tax or a license tax for purposes of regulation.

The distinction between occupation tax ordinances and license
ordinances is that the occupation tax ordinance is enacted pursuant
to the powers given cities to levy taxes, while the license ordinance
is enacted pursuant to the police power of the city to regulate the
operation of business and occupations in the city.

A leading case on this question is *Duff v. Garden City*, 122 Kan.
390, 251 Pac. 1091. In that case the ordinance levied a tax on
gasoline filling stations. The statute providing for a gasoline tax
provided that it should be in lieu of "all other taxes or license fees
except occupational taxes" upon the sale or use of motor fuel oil.
The ordinance in question was attacked on the theory that it levied
a license tax on the sale of gas and thus violated the above provision
of the statute. This court examined the ordinance and included a
copy of it in the opinion. The title provided that it was an ordi-
nance fixing an occupation license fee on certain occupations. The
title of the ordinance we are considering provided that it levied a
license or occupational tax on all vending machines. In speaking
of the title, this court said:

"In the title of the ordinance the term occupation license fee is used, and it
is said to be for the purpose of regulation as well as revenue, but throughout
the body of the ordinance the charge is spoken of as a license fee, the term
usually applied to charges for regulation, restriction and control. A regulation
charge is one exacted for a privilege or as a condition precedent to the carrying
on of the business and is an exercise of the police power, while an occupation
tax is imposed under the power of taxation. (6 Words and Phrases, 4908.) The
term used in naming the charge is not always controlling, as it is sometimes
used loosely and indiscriminately, and so we must look to the language of
the ordinance to determine the legislative purpose." (p. 392.)

The ordinance in that case provided for an annual license *fee*.
The ordinance in this case provides for an annual license *tax*.

The ordinance in that case provided that one-twelfth of the annual
fee should be paid in advance. The ordinance in this case provides

that no machine shall be set up before the owner shall make application for permission to operate and shall pay the tax specified.

. The ordinance in this case provides further that the owner of the machines shall advise the chief of police of the location of all machines being operated in the city and that it shall be unlawful for any person to permit any vending machine to operate in the city until its owner shall have paid the license.

In *Duff v. Garden City,* supra, this court said: ·

"The charge is repeatedly referred to in the body of the ordinance as a license fee on the business of dealing in gasoline. It is required to be paid in monthly installments in advance for which a receipt is to be given. Those who obtain the receipt may sell gasoline, and those who engage in the business without paying the fee and obtaining the receipt are deemed to be guilty of a misdemeanor and subjected to a heavy fine. The charge was evidently intended as a regulation of the business, and probably as a restriction as to the number of parties that might engage in it. The amount of the charge is such as to prohibit the continuance in business of small dealers." (p. 393.)

The ordinance we are considering is more clearly than the one considered in the Duff case enacted for the purpose of regulation, and is a license ordinance rather than an occupational tax ordinance.

The plaintiff next argues that even if this ordinance be held to levy a license tax it is invalid because it is discriminatory, oppressive, unjust and unreasonable, has no relation to the general welfare, interest, public health, safety or morals, and is an improper use of delegated authority.

We shall first consider the argument of plaintiff that the license tax levied does not bear any relation to the general welfare of the city. The tax levied is five dollars a year for each machine. There was evidence to the effect that cigarette vending machines require special police protection and supervision. There is the popularity of these machines as subjects of larceny, since they are standing more or less exposed and always are supposed to contain money. There is some help of the police needed to enforce the state statutes with reference to the payment of the state tax on the sale of cigarettes.

The governing body of the city no doubt considered the fact that a statute forbids the sale of cigarettes to minors. This statute has been in force for many years and is known to be rather difficult to enforce. The vending of cigarettes through vending machines would offer considerable difficulty in the enforcement of this statute. There was evidence as to the extra effort that these machines would cause

the police department to exert on account of all the above matters. The trial court heard all this evidence. Courts will not interfere with the regulation of occupations by a city except in clear cases of abuse and the presumption is in favor of the validity of the ordinance. See 43 C. J. 360. We cannot say as a matter of law that this ordinance bears no relation to the public welfare.

We shall next deal with the argument of plaintiff that the ordinance is invalid because the amount of the license tax levied is unreasonable. As has been pointed out, the amount of tax levied for each machine is five dollars a year. We have just noted that there was evidence at the hearing as to the amount of extra work these machines would cause the city in the office of the city clerk as well as in the police department. The case of *In re Martin*, 62 Kan. 638, 64 Pac. 43, was an analogous case. There the license ordinance attacked provided for a graduated tax on merchants according to the value of their stock. One merchant pointed out that under it he had to pay a license tax of five dollars on a hundred dollars valuation, while another merchant with a larger stock paid only one dollar and fifteen cents on each one hundred dollars of valuations. It was argued that this was discriminatory. The question of the amount of the fee being unreasonable was not raised directly, but this court said:

"A large discretion must be accorded the municipal authorities, who know the needs of the municipality, the extent of the protection afforded to persons carrying on business within its limits, and the cost of providing such protection, and courts should not interfere with that discretion except in cases of gross abuse." (p. 642.)

There must of necessity be a wide discretion vested in the governing bodies of cities as to the amount of a license fee. In *Lebanon v. Zandition*, 75 Kan. 273, 89 Pac. 10, a tax of ten dollars a day on transient merchants was upheld.

In dealing with the argument that this fee was unreasonable as to amount, this court quoted with approval from *City of Lyons v. Cooper*, 39 Kan. 324, 18 Pac. 296, where it was said:

"It must be a flagrant case of excessive and oppressive levy of a license tax before a court will interfere;"

In *Scriven v. City of Lebanon*, 99 Kan. 602, 162 Pac. 307, this court held that an ordinance fixing a license tax of two hundred fifty dollars a year on all places of business selling cider was invalid because the amount was unreasonable. It was pointed out, however,

that the ordinance imposed a burden on the vendor of cider grossly out of proportion to other taxes levied in the city and bore no relation to the subject of regulation. We have heretofore demonstrated the above reasons are not present in this case. Furthermore, there is no comparison at all between a license fee of two hundred and fifty dollars a year for the privilege of selling cider and five dollars a year for the privilege of operating a cigarette vending machine. Reference is made to the opinion here because it serves to illustrate the point that there is no hard and fast rule for determining whether the amount fixed as a license fee is unreasonable. Each case will be determined according to its own facts. In *City of Leavenworth v. Booth*, 15 Kan. 627, this court, in considering the validity of an ordinance fixing a license tax on the business of operating an insurance business, said:

"In granting licenses the items which may be taken into consideration as elements in fixing the costs of the same would seem to be about as follows: First, the value of the labor and material in merely allowing and issuing the license; second, the value of the benefit of the license to the person obtaining the same; third, the value of the inconvenience and cost to the public in protecting such business, and in permitting it to be carried on in the community; fourth, and in some cases an additional amount imposed as a restraint upon the number of persons who might otherwise engage in the business." (p. 634.)

Elements similar to these were put in issue by the pleadings in this case. The finding of the trial court in favor of the defendant and against the plaintiff was a general finding that these things had been considered by the governing body of the city before the ordinance was enacted. The trial court did not make findings of fact and conclusions of law, but did hand down a memorandum opinion. It appears from the examination of the memorandum opinion that the court considered the rule which we have heretofore pointed out to the effect that the license tax ordinance will not be held invalid unless it appears that it is unjust and unreasonable in the amount or that the city had flagrantly abused its discretion in enacting it. There was substantial evidence to warrant the court in reaching the conclusion that the city had not done that here, and it will not be disturbed on appeal.

The plaintiff makes an argument that these ordinances were not properly passed. No reason is given why they were not properly passed and no citations are given to any authority which would warrant reaching such a conclusion.

Plaintiff makes an argument to the effect that the court erred in striking certain allegations from the petition. We have examined the record in that respect, and it appears that the matters which were stricken did not deprive the plaintiff of the opportunity to prove any matter which would have gone to establish his right to an injunction.

The next argument of the plaintiff is that the ordinance is discriminatory and hence invalid because it regulates the sale of cigarettes by vending machines and does not license or regulate the retailing of cigarettes by any other means than by machines. Here, too, the plaintiff is met by what has heretofore been demonstrated in this opinion—that there are good reasons why the governing body of the city might have deemed it wise to regulate the operation of cigarette vending machines and not to regulate the sale of cigarettes by other means. As long as the classification is a reasonable one the ordinance is valid. (See *State v. Wilson,* 101 Kan. 789, 168 Pac. 679; *Emporia v. Endelman,* 75 Kan. 428, 89 Pac. 685; *Produce Co. v. City of Wichita,* 112 Kan. 28, 209 Pac. 667.)

This brings us to a consideration of the final argument of the plaintiff, that is, that the ordinance is so discriminatory as to be invalid because it provides that the license fee shall apply only to operators having four or more machines. The effect of that provision is that operators having three or less machines of the type operated by plaintiff are not required to pay any license tax.

As we have heretofore demonstrated in this opinion, a city may differentiate between classes when levying a license tax as long as the tax is levied equally and without discrimination on all businesses or avocations exercising the same privileges within each class. We have seen that there is a reason for levying this license tax on the operation of cigarette vending machines as distinct from the retail of cigarettes over the counter. However, there is no valid reason for taxing the operation of four or more machines and not taxing the operation of a lesser number. The defendant argues that the distinction was made because without a doubt the operator of three or less machines would be a merchant who owned them outright and under such circumstances the reasons for the licensing would not apply. These two reasons do not necessarily follow. It is not certain that less than four machines would be operated by a merchant who owned them outright nor does it follow that all the reasons for regulating the operation of cigarette vending machines by a concern

who operates several of them disappear when the machines are operated in the place of business of a concern which owns them. The classification is an arbitrary one and the tax does not apply alike to all those operating cigarette vending machines.

On that account the judgment of the trial court is reversed.

HARVEY and THIELE, JJ., dissent from the third paragraph of the syllabus and corresponding part of the opinion.