No. 41,220

THE STATE OF KANSAS, ex rel. WARNER MOORE, County Attorney of Sedgwick County, Kansas *Appellee,* v. THE CITY OF WICHITA, KANSAS, a Municipal Corporation, FRANK H. BACKSTROM, City Manager, FRED E. DENNY, City License Collector, and C. C. ELLIS, City Clerk, *Appellants.*

(335 P. 2d 786)

Opinion filed February 20, 1959.

*Thomas A. Wood,* Assistant City Attorney of Wichita, argued the cause, and *Fred W. Aley,* City Attorney, and *Robert Helsel,* Assistant City Attorney, both of Wichita, were with him on the briefs for appellants.

*Harold Irwin,* of Wichita, argued the cause, and *W. A. Kahrs* and *Warner Moore,* both of Wichita were with him on the briefs for appellee.

*Albert B. Martin* and *Arden K. Ensley,* of Topeka, attorneys for The League of Kansas Municipalities, filed a brief *amici curiae.*

The opinion of the court was delivered by

Fatzer, J.: This was an action by the state of Kansas on the relation of the county attorney of Sedgwick county to enjoin the city of Wichita and certain of its administrative officers, and each of them, from enforcing or attempting to enforce Ordinance No. 23-252 of the city of Wichita, adopted December 31, 1957, and known as the Business License Ordinance. The trial court held the ordinance was void in its entirety and granted a temporary injunction. The city has appealed.

The ordinance was adopted pursuant to Chapter 96, Laws of 1957 (G. S. 1957 Supp., 12-125 and 12-126) and purports to license for revenue purposes certain trades, occupations, businesses and professions in the city of Wichita. In view of conclusions hereafter announced, the title and provisions of the ordinance will not be set forth.

Following a hearing upon the state's application for a temporary injunction, the trial court found that Chapter 96, Laws of 1957 violated Art. 2, Sec. 16 of the constitution of Kansas and was unconstitutional and void in that the subject of the act is not clearly expressed in its title, since the title does not state for what purpose cities shall have power to license and does not mention revenue, or the right to classify, or make provision for collecting the tax or penalties for failure to pay the tax.

Many contentions are made by the parties concerning the validity of the statute and the ordinance, but the state first urges that Chapter 96, Laws of 1957 is unconstitutional and void, being in violation of Art. 2, Sec. 16 of the constitution of Kansas, the pertinent portion of which reads:

"No bill shall contain more than one subject, *which shall be clearly expressed in its title* . . ." (Emphasis supplied.)

This provision of our constitution has been held mandatory (*State, ex rel., v. Shanahan,* 178 Kan. 400, 403, 286 P. 2d 742).

The title of the act in question reads:

"AN ACT conferring power on cities *to license* trades, occupations, businesses and professions, making certain exceptions and repealing section 12-1650 of the General Statutes Supplement of 1955, and sections 13-409, 13-411, 13-910, 13-911, 13-1905, 13-1906, 14-416 and 15-421 of the General Statutes of 1949." (Emphasis supplied.)

The pertinent portion of Section 1 of the act reads:

"The governing body of any city shall have the power by ordinance to classify and *license for purpose of regulation or revenue* any and all trades, occupations, businesses and professions, other than those engaged in the collection and dissemination of news, pursued, conducted or carried on within the city which are not prohibited by law or which are not or shall not be specifically or exclusively reserved to the state or county as objects of regulation or taxation, subject to the constitutions of Kansas and the United States and the laws of Kansas, and fix the amounts of all *license fees* and provide for their collection and prescribe penalties for the nonpayment thereof . . ." (Emphasis supplied.)

The city contends that the subject of the act is the power *to license* trades, occupations, businesses and professions, which is clearly expressed in the title and that details such as classification, fixing the amount of license fees, providing for their collection, and prescribing penalties for their nonpayment are germane to the single subject of licensing occupations. In support of its contention the city argues, and we quote from its brief:

"The purposes for which the granted powers may be exercised are regulation and revenue. The act does not grant a general power to regulate businesses apart from their licensing. Nor does the act grant a general power to tax businesses. *Regulation and taxation are not powers conferred by the act; rather, they are purposes for which the single granted power—to license—may be exercised.* They are objects, not subjects, of the act."

In support of the trial court's ruling, counsel for the state urge that the title of the act does not clearly express for what purpose cities may license—whether for revenue or regulation—and, therefore, the subject of the act is not clearly expressed in the title.

Preliminary to discussing the contentions of the parties, we refer to well-established rules of this court that where a statute is attacked as violating Art. 2, Sec. 16 of the constitution for the reason that the subject of the act is not clearly expressed in the title, the title will be liberally construed for the purpose of upholding the law (*Water District No. 1 v. Robb,* 182 Kan. 2, 318 P. 2d 387, and

cases cited therein); that the purpose of a title is to direct the mind to the contents of the bill so members of the legislature and the people may be fairly informed and not deceived as to what the act implies *(City of Lawrence v. Robb,* 175 Kan. 495, 265 P. 2d 317), and the more general the language of the title, the broader the subject matter of the act may be, due deference being given to the requiremeents of Art. 2, Sec. 16 that the subject matter be clearly expressed in the title, *(State, ex rel., v. McCombs,* 129 Kan. 834, 284 Pac. 618.)

Despite these well-settled rules, which are reaffirmed and adhered to, we are required to hold that the subject matter of that portion of Chapter 96, Laws of 1957 authorizing cities to license for revenue purposes is not clearly expressed in the title in violation of Art. 2, Sec. 16 of our constitution. The purport and effect of that part of the constitutional provision quoted above was well stated in *State, ex rel., v. Kirchner,* 182 Kan. 622, 322 P. 2d 759:

"The constitutions of some states provide merely that the subject of an act be 'expressed' in the title. Ours provides that the subject shall be *clearly* expressed. The use of the word 'clearly' is entitled to significance and weight, and it means just what it says. The use of the word requires greater precision and clarity in the title of an act than would be necessary were it omitted, and when, as here, the constitution requires the subject of an act to be *clearly* expressed in its title the subject matter is not to be dubiously or obscurely indicated, but rather, the connection must be so obvious and clear that resort to ingenious reasoning aided by superior rhetoric will not be necessary in order to ascertain it."

The subject of an act is the matter to which the legislation pertains *(State, ex rel., v. Shanahan,* supra), and, although contrary to the city's contention, we are of the opinion that the subject of the act in question—that to which the legislation pertains—is the power to license for purposes of regulation or revenue all occupations which are not prohibited or which are not specifically or exclusively reserved as objects of regulation or taxation by the state. (*Duff v. Garden City,* 122 Kan. 390, 393, 251 Pac. 1091; *City of Independence v. Hindenach,* 144 Kan. 414, 417, 61 P. 2d 124; *McKay v. City of Wichita,* 135 Kan. 678, 680, 11 P. 2d 733.) Thus, the license authorized to be issued is merely the means by which the subject of the act—the regulation or taxation of occupations—is made effective, and the city's contention that even if there is a plurality of objects or purposes conferred (regulation or revenue) the subject matter of the act (to license) is singular, must be dis-

counted. (*State, ex rel., v. Shanahan,* supra, p. 404.) Whether the act attempts to legislate on two unrelated subjects in violation of Art. 2, Sec. 16 is not before us, since that question was neither considered by the trial court nor raised by the parties on appeal.

Does the power *to license* occupations, as expressed in the title of the act, authorize the imposition of an occupation tax as the ordinance contemplates? In other words, is the subject of the act clearly expressed in the title? We think it is not. A reading of the title leads to the conclusion that the subject of the act is the licensing of occupations for regulatory purposes. No one could reasonably conclude the act authorizes the imposition of a tax for revenue purposes—nothing in the title so indicates, and the reader is advised of that fact only by referring to the body of the act. Reference to Section 1 informs the reader that cities are empowered to license occupations either for regulation or for revenue, to be exercised in the alternative (*McKay v. City of Wichita,* supra; *City of Independence v. Hindenach,* supra), and fix the amounts of *license fees* and provide for their collection. At most, the title declares that cities are empowered "to license" occupations. Generally speaking, the power *to license* is an exercise of the police power (*Matheny v. City of Hutchinson,* 154 Kan. 682, 121 P. 2d 227; 9 McQuillin, Municipal Corporations, 3d ed., § 26.29, p. 57), but the exaction of an occupation tax is the exercise of the power of taxation and a city cannot in the exercise of its police power levy a tax for revenue purposes (*Matheny v. City of Hutchinson,* supra; *Duff v. Garden City,* supra; *McKay v. City of Wichita,* supra; *City of Independence v. Hindenach,* supra; *City of Beloit v. Lamborn,* 182 Kan. 288, 321 P. 2d 177). In *Duff v. Garden City,* supra, Mr. Chief Justice Johnston distinguished between the power *to license* under the police power and the exaction of an occupation tax, as follows:

"A regulation charge is one exacted for a privilege or as a condition precedent to the carrying on of the business and is an exercise of the police power, while an occupation tax is imposed under the power of taxation." (l. c. 393.)

Where nothing but license is contemplated, as indicated in the title of the act under consideration, the grant of power is only "to license" or "to license and regulate" or "to adopt rules and regulations for licensing" under the police power (*City of Newton v. Atchison,* 31 Kan. 151, 157, 1 Pac. 288, 47 Am. R. 486), and the power to levy and collect a tax for revenue purposes is not included. Again, there is nothing in the title to indicate that the subject of the act

includes the power to license for "revenue" or "taxation" or to "levy and collect an occupation tax." A grant of power to impose an occupation tax will be construed strictly against the power (*McKay v. City of Wichita,* supra; 16 McQuillin, Municipal Corporations, 3d ed., § 44.191, pp. 482, 483; 1 Cooley on Taxation, 4th ed., § 125, p. 291), and a grant of power to merely *license* with nothing to indicate with certainty that power is given for the purpose of licensing for revenue, the grant will be construed to give power merely to regulate under the police power. (9 McQuillin, Municipal Corporations, § 26.29, p. 57; *Matheny v. City of Hutchinson,* supra.)

It is well settled that occupations are a legitimate object of taxation, either by the legislature directly, or by municipal corporations under power conferred by the legislature. (*Fretwell v. City of Troy,* 18 Kan. 271; *City of Newton v. Atchison,* supra; *In re Martin,* 62 Kan. 638, 64 Pac. 43; *City of Independence v. Hindenach,* supra.) But, where, as here, the legislature attempts to confer the exercise of that power, it must be done so clearly and unequivocally that resort to ingenious reasoning will be unnecessary to ascertain the power granted and the extent of its exercise.

Applying rules heretofore stated, there is nothing in the title of the act which clearly expresses that an occupation tax for revenue purposes is authorized. It is well established that where the title to an act is not broad enough to include everything contained in the act, that which is not included within the title must be held invalid since courts have no power to enlarge or extend or amplify the title to an act any more than they have to enlarge or diminish or change the act itself. (*State, ex rel., v. Bankers', etc., Association,* 23 Kan. 499; *State v. Barrett,* 27 Kan. 213, 218; *Enterprise v. Smith,* 62 Kan. 815, 62 Pac. 324; *City of Concordia v. Hagaman,* 1 Kan. App. 35.) While Section 1, when considered alone, purports to authorize cities to license for revenue purposes, that subject is not clearly expressed in the title of the act; consequently, the portion of that section authorizing licensing for revenue purposes violates Art. 2, Sec. 16, and is unconstitutional and void.

Accordingly, the city was not empowered to enact the ordinance in question since it purported to levy an occupation tax for revenue purposes pursuant to Chapter 96, Laws of 1957, and the trial court did not err in holding that it was void and unenforceable.

In view of the foregoing, it is unnecessary that we discuss and decide other questions presented by the parties.

The judgment is affirmed.