The City of Kansas City, Kansas, *Appellant*, v. Raymond P. Tipton, *Appellee*.

No. 43,816

The City of Kansas City, Kansas, *Appellant*, v. Richard Shortino, *Appellee*

No. 43,817

The City of Kansas City, Kansas, *Appellant*, v. Robert E. Maloney, *Appellee*.

No. 43,818

The City of Kansas City, Kansas, *Appellant*, v. Donald Carl Reynolds, *Appellee*.

No. 43,819

The City of Kansas City, Kansas, *Appellant*, v. Leroy Waters, *Appellee*.

No. 43,820

The City of Kansas City, Kansas, *Appellant*, v. William B. Weaver, *Appellee*.

(396 P. 2d 350)

Opinion filed November 7, 1964.

*William C. Karnaze*, of Kansas City, argued the cause, and *C. W. Brenneisen, Jr.*, and *Charles F. Burkin, Jr.*, both of Kansas City, were with him on the briefs for the appellant.

*Roy Cook*, of Kansas City, argued the cause and was on the brief for the appellee, Richard Shortino.

*Albert B. Martin* and *Arden K. Ensley,* both of Topeka, were on the brief as *amici curiae* for the League of Kansas Municipalities.

The opinion of the court was delivered by

Robb, J.: These appeals were consolidated by leave of this court upon agreement of the parties that the decision in No. 43,816 (*The City of Kansas City v. Shortino*) will control the decisions in the other five cases.

The appeal by the city, to settle a legal question properly and duly reserved under G. S. 1949, 13-613, is from the trial court's judgment that ordinance No. 42188 of the city's traffic code is invalid because it is violative of G. S. 1949, 13-1421 and G. S. 1961 Supp., 12-3004.

On September 8, 1962, defendant Shortino was arrested, charged and convicted in the police court of Kansas City, Kansas, of driving under the influence of intoxicating liquor in violation of section 1 of ordinance No. 42188. An immediate appeal to the district court was perfected from that conviction. Defendant waived a trial by jury and on September 16, 1963, the trial court discharged defendant for the reason that ordinance No. 42188 violated G. S. 1949, 13-1421, and G. S. 1961 Supp., 12-3004 because both the title and body of the ordinance are concerned with more than one subject; namely, driving under the influence of intoxicating liquor or narcotic drugs, and reckless driving. Hence this appeal.

The pertinent provision of G. S. 1949, 13-1421, as well as that of G. S. 1961 Supp., 12-3004, reads:

". . . no ordinance shall contain more than one subject, which shall be clearly expressed in its title. . . ."

The only question before us for appellate review, therefore, is the legal proposition as to whether the city's ordinance No. 42188 is violative of the provision of the statutes above quoted. It should be noted that determination of this question will in no way affect defendant herein as he was discharged by the trial court in its order holding the ordinance in question invalid.

The title of ordinance No. 42188 reads:

"An Ordinance relating to the Traffic Code of Kansas City, Kansas; regulating traffic on streets; making it unlawful for persons under the influence of intoxicating liquor or of any drug to drive any vehicle; making it unlawful for any person to drive a vehicle either in a willful or wanton disregard for the safety of persons or property; providing penalties; amending Sections

27-9-02 and 27-9-03 of the Revised Ordinances of Kansas City, Kansas for 1950; and repealing said original Sections 27-9-02 and 27-9-03."

From the foregoing it is clear the ordinance deals generally with regulation of traffic on the streets of Kansas City, Kansas. As stated in *City of Garden City v. Miller*, 181 Kan. 360, 311 P. 2d 306, the city has full power and authority to pass such an ordinance, and when the state amends parts of its Uniform Act (G. S. 1949, 8-501, *et seq.*, as amended) the cities of Kansas should amend their ordinance provisions to conform to such statutory amendments. (G. S. 1949, 8-507.) See, also, *State, ex rel., v. City of Wichita*, 184 Kan. 196, 198, 199, 335 P. 2d 786. Both the Miller and City of Wichita cases include comprehensive treatments of the type of question we presently have before us. The point to be emphasized here is that the one subject of the state's Uniform Act is *traffic*. Under the subject of *traffic* more than one offense may be, and they are, set out but all the offenses have to do with control of *traffic*. However, pursuant to G. S. 1949, 8-507 cities may adopt additional traffic regulations so long as they are not in conflict with the provisions of the state's Uniform Act. (*City of Garden City v. Miller*, supra.)

From our study of the appropriate statutes, all of which we have not deemed it necessary to cite and discuss herein, and the above-cited authorities, we are compelled to conclude the city's ordinance No. 42188 is constitutional and the trial court erred in its judgment to the contrary.

Judgment reversed.