COUNTY OF CLARK, a Political Subdivision of the State of Nevada, Appellant, *v.* CITY OF LOS ANGELES, CALIFORNIA, a Municipal Corporation of the State of California, Respondent.

No. 3711

January 6, 1954.                    265 P.2d 216.

*Roger D. Foley, Jr.,* District Attorney, Clark County, Las Vegas; and *Hawkins & Cannon,* of Las Vegas, for Appellant.

*W. T. Mathews,* Attorney General, of Carson City, for Plaintiff in Intervention.

*Roger Arnebergh,* City Attorney; *Gilmore Tillman,* Chief Assistant City Attorney for Water & Power; *John H. Mathews,* Deputy City Attorney; *A. L. Lawson,* Assistant City Attorney; all of Los Angeles, California; and *Calvin M. Cory,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

Upon this appeal the sole question raised is whether the counties of this state have by statute been authorized to license businesses for purposes of revenue as distinguished from regulation. The statute involved is sec. 1942, N.C.L.1929, 1931–1941 Supp., which specifies the powers of counties. Paragraph 14 of that section, at the time this action was commenced, provided as follows: "To fix, impose and collect a license tax on and to regulate all character of lawful trades, callings, industries, occupations, professions, and business conducted

in their respective counties, outside of the limits of incorporated cities and towns."

This action is brought by Clark County against the City of Los Angeles, California to collect a license tax imposed by county ordinance (Clark County ordinance number 53 as amended) upon the business of generating electric power. It is conceded that the tax was imposed for purposes of revenue as distinguished from regulation. The trial court sustained a demurrer to the complaint and dismissed the action upon the ground that the quoted paragraph of sec. 1942 did not authorize the licensing of businesses for revenue and that the ordinance, accordingly, was beyond the power of the county to enact. Clark County has appealed from that decision. The State of Nevada has intervened in the action in opposition to Clark County, but the special interests of the state are not concerned with the question involved upon this appeal. In our view the decision of the trial court was correct and its action properly taken.

The power of a state to license occupations and privileges is derived both from its police power and its power to tax. Subject to constitutional prohibition or restriction, its power in either respect may be delegated by legislative act to its political subdivisions. The extent of the power so delegated is, however, wholly dependent upon and limited by the delegating statute. Whether the delegation be of regulatory power under the police power of the state or be of the sovereign power of taxation is, of course, a question of statutory construction. If the grant be of regulatory power only, it does not include the power to license for purposes of revenue. Such power is granted only where the grant plainly appears from the delegating statute. See: 9 McQuillin on Municipal Corporations (3d ed.) 56 et seq., secs. 26.28, 26.29; Gray on Limitations of Taxing Power, p. 716, sec. 1439; Cooley on Taxation (4th ed.) secs. 75, 124, 125, 1798; 20 C.J.S. 1213 (Counties, sec. 279); 53 C.J.S. 473, 479 (Licenses, secs. 9, 10c(2) ).

While there appears to be a split in authority (See: McQuillin, supra, secs. 26.29, 26.30) the majority rule is that a delegation of power to regulate and license is not a grant of power to license or tax for revenue purposes. "A grant of licensing power with nothing in it to indicate with certainty that power is given for the purpose of raising revenue will be construed to give power merely to regulate." (Id., sec. 26.29.)

The general rule has been recognized by this court in Ex Parte Noyd, 48 Nev. 120, 227 P. 1020, 1023, where Cooley on Taxation, supra, sec. 1798, was quoted as follows: "It is perhaps impossible to lay down any rule for the construction of such grants that shall be general, and at the same time safe; but, as all delegated powers to tax are to be closely scanned and strictly construed, it would seem that when a power to license is given the intendment must be that regulation is the object, unless there is something in the language of the grant, or in the circumstances under which it is made, indicating with sufficient certainty that the raising of revenue by means thereof was contemplated."

Is there anything in the language of paragraph 14 of sec. 1942 which would overcome the presumption that regulation only was intended? We find nothing.

Ex Parte Noyd, supra, is the only case cited to us in which this court has examined a delegating statute with an eye to determining whether under the language used the legislature had intended to delegate a taxing power in addition to a regulatory power. In holding that under the general rule quoted from Cooley the Reno city charter did indicate with sufficient certainty that the raising of revenue was contemplated, the court stated, 48 Nev. 120, 126, 227 P. 1020, 1022, "The charter of the city of Reno, as we have seen, empowers it to fix, impose, and collect a license tax on and regulate all characters of lawful business. It provides also that in fixing licenses the city council must as nearly as practicable make the same uniform in proportion to the approximate amount

of business done by the licensee, and further provides that in fixing licenses the city council must have due regard for and be governed as far as possible by the 'approximate amount or volume of business done by each person, firm, company or corporation thus licensed.' These provisions make it clear that it was intended to give the city authorities power to license all kinds of business and occupations that might be carried on within the corporate limits of the city for the purpose of revenue. The intent to delegate this power may be inferred from the provisions of the charter requiring the license tax to be imposed with reference to the volume of business transacted. If it was intended to restrict the council's authority to granting licenses for carrying on the business and for police regulation, the designation of the volume of business as a basis for a license tax would have been unnecessary."

Appellant has cited to us other decisions of this court which, it contends, indicate that the language, "to fix, impose and collect a license tax and to regulate," in and of itself grants the power to license for revenue as well as for regulatory purposes. Those cases, however, presented different questions for decision. In no one of them was the contention made that the delegation was limited to a regulatory power. We cannot, then, regard them as persuasive upon that question. While Ex Parte Noyd, supra, does regard the use of the term "license tax" as of some significance, still, as we have seen, great emphasis was laid upon the further statutory language to which the court referred.[1] The court in that case also quoted from San Jose v. S.J. & S.C.R.R. Co., 53 Cal. 475, to the following effect, "But the rule as stated by Judge Dillon is, that in construing the words of the

---

[1] It may be noted that of the cases relied upon by appellant the opinions in three instances indicate that additional language similar to that emphasized in Ex Parte Noyd, was included in the delegating statute. Ex Parte Dixon, 43 Nev. 196, 183 P. 642; Ex Parte Counts, 39 Nev. 61, 153 P. 93; Board of County Commissioners of Nye County v. Schmidt, 39 Nev. 456, 157 P. 1073. In the remaining cases the charter provisions are not fully disclosed in the opinions.

grant the whole charter and general legislation of the state respecting the subject-matter must be consulted in order to determine whether by the terms 'license and regulate' it was intended to authorize licenses for purposes of revenue." To the same effect see: Cooley on Taxation, supra, sec. 1798.

The general powers of city councils (as distinguished from counties) are set forth in sec. 1128, N.C.L.1929. Paragraph 10 of that section provides (as does paragraph 14 of sec. 1942) "To fix, impose and collect a license tax on and to regulate all character of lawful trades * * *." This is not all, however. Paragraph 8 of the same section specifically states, "To raise revenue by levying and collecting a license fee or tax on any private corporation or business * * *." Such was the law with reference to cities when, in 1933, paragraph 14 was added to sec. 1942 (Stats. of Nevada, 1933, ch. 161, p. 203.) The power to raise revenue through licensing, theretofore expressly granted to cities, was not similarly included.

With reference to such a statutory situation it is stated in McKay v. City of Wichita, 135 Kan. 678, 11 P.2d 733, 734, "A noticeable distinction between the amended act applicable to cities of the second and third class and the act applicable to cities of the first class is with reference to the specific words used to express the purposes of the act. In the latter the governing body may levy and collect 'a license tax upon and regulate.' In the former the governing body shall have the power to classify and 'license for purpose of regulation or revenue.' For the smaller cities the tax may be imposed either for regulation or for revenue, while first-class cities may levy and collect a license tax and regulate, plainly excluding the alternative privilege and limiting the purpose to licensing and regulating."

We conclude that by sec. 1942 N.C.L., paragraph 14, the legislature did not intend to delegate to counties the power to license for purposes of revenue; that the trial

court acted properly in sustaining the demurrer to the complaint.

Appellants further assign as error the fact that no opportunity was afforded it to amend its complaint. Under the circumstances, dependent as appellant is upon the provisions of sec. 1942, we do not see (nor has appellant suggested) how amendment possibly could provide a cause of action. No error, then, appears. Lyon County Bank v. Lyon County Bank, 57 Nev. 41, 58 P.2d 803, 60 P.2d 610.

Judgment affirmed.

EATHER, C. J., and BADT, J., concur.